## TERRITORY OF NEW MEXICO v. GREGORIO MIERA AND JACK COLLINS.

OMISSION OF "UNLAWFULLY" IN INDICTMENT FOR AGGRAVATED ASSAULT.—
An indictment, under section 11, chapter 55, of the Revised Statutes, for
an aggravated assault, charging that the accused "did beat, bruise, and
wound" a certain person, but omitting the word "unlawfully," con-
tained in the statutory description of the offense, is fatally defective.

APPEAL  from  the  district  court  for  Santa  Ana  county.
The case appears from the opinion.

*C. P. Clever, attorney-general,* for the appellant.

*Tompkins and Ashurst,* for the appellee.

By Court, BENEDICT, C. J.:

This  cause  was  an  indictment  against  the  defendants  un-
der  the  eleventh  section  of . chapter  55,  page  360,  of  the
Revised Statutes, which provides: "That if any person shall
unlawfully  assault  or  threaten  another  in  a  menacing  man-
ner,  or  shall  unlawfully  strike  or  wound  another,  the  person
so  offending  shall,  upon  conviction  thereof,  be  fined  in  any
sum  not  exceeding  one  hundred  and  fifty  dollars,  or  impris-
oned  in  the  county  jail  not  exceeding  thirty  days,  or  both,
at  the  discretion  of  the  court,  and  shall  moreover  be  liable
to the suit of the party injured."

The  defendants,  upon  trial,  were  found  guilty  by  the  jury.
They  then  moved  in  arrest  of  judgment,  upon  the  ground
of  the  insufficiency  of  the  indictment,  and  the  court  sus-
tained the motion, and arrested the judgment.   The attor-

ney-general then appealed to this court, in pursuance of a statute of this territory. The indictment charges that the defendants "did beat, bruise and wound" one Guadalupe Lopez, but omits to aver that it was done "unlawfully," in the language of the statute above quoted.

The offense specified is one created by the statute, and is usually termed an "aggravated assault and battery." An indictment which describes an offense in the language of the statute which declares and defines it, is held in courts and practice to be sufficient in substance. Any material omission in charging the offense as the statute defines it will render the indictment bad. In this case there was a fatal omission, in not charging that the acts of the defendants were "unlawfully" done.

"Unlawfully assault or threaten another," or "unlawfully strike and wound another," is the language of the statute upon which the indictment in this case was intended to be framed. There are many strikings which are not unlawful, and so are not offenses which the laws punish; such as parents correcting their children, or an executive officer executing the sentence of a court upon a person convicted of a crime. So, too, one man may lawfully beat, bruise, and wound another in the necessary defense of himself, wife, or child.

By using the word "unlawfully" in the statute, the legislature intended to discriminate between acts of violence which may be lawful and those which are not. To the evident intention disclosed, the indictment in this case should have conformed. The omission was a substantial omission, and the court below decided properly in arresting the judgment.

The judgment of the court below is affirmed by this court.