294 P.2d 284
**STATE of New Mexico, Plaintiff and Appellee,**

v.

**Louis MARES, Defendant and Appellant.**
**No. 5998.**

Supreme Court of New Mexico.

Feb. 28, 1956.

burglary of the dwelling of Loyd Larritson."

On the same day as the information was filed, the defendant, accompanied by his then attorneys, appeared before the court and entered a plea of not guilty to the said information. Thereafter, the attorneys who were with defendant at the time of his plea of not guilty withdrew from the case and, on the 1st day of June, 1955, defendant appeared in court with the attorney who thereafter represented him and still does. Defendant's attorney then moved to quash the said information on the ground that the same was not properly verified. The motion was overruled by the trial court and the case was set to be tried seven days later, on June 8, 1955.

On the 6th day of June, the District Attorney abandoned the original information and filed in the same case and under the same number a new information denominated "amended information."

Donald A. Martinez, Las Vegas, for appellant.

Richard H. Robinson, Atty. Gen., Santiago E. Campos, Paul L. Billhymer, Asst. Attys. Gen., for appellee.

KIKER, Justice.

In the District Court of Quay County, New Mexico, there was filed in criminal cause No. 2962 on the docket, an information for and in the name and behalf of the State of New Mexico, which, except for formal statements, charged the defendant as follows: "That Louis Mares committed

On the 8th day of June, the defendant appeared before the court and was called for arraignment on the so-called amended information. This information was in exact form as the former information, except that it charged as follows: "That Louis Mares burglarized an out-house belonging to Loyd Larritson in the nighttime." It was properly verified.

At the arraignment, defendant's attorney stated that he understood the information was an amendment of the original infor-

mation and that he would renew his objection to the jurisdiction of the court on the ground that the original information was not properly verified and that there was nothing that could be amended. The court overruled the motion and the defendant entered a plea of not guilty. The defendant, by his attorney, remarked, "Subject to the motion, the defendant will plead not guilty." The court thereupon stated that a plea of not guilty would be entered and that the defendant would be held under bond of $1,000. Both parties then having stated that they were ready for trial, the jury was duly empaneled and sworn to try the case. After a recess of ten minutes, the jury was recalled and defendant's attorney stated that he wished to make a motion on the amended information. Whereupon the court stated that the record should show that the jury had been selected and sworn to try the issues raised by the plea to the amended information, which had been read to defendant in the presence of his attorney, and that the defendant had announced ready for trial. Defendant's attorney stated that he had understood that the so-called amended information went to the matter of verification only and in no way changed the offense charged, and that the plea had been entered immediately after he had received the amended information. The court called attention to the fact that a plea had been entered on a previous date and that then date for trial had been set. Defendant's attorney then said he wished the record to show that the charge upon which defendant was being

tried was an entirely different crime from that charged in the original information and that he objected. The objection was overruled and the trial proceeded upon the new information.

The defendant has stated four assignments of error and has presented the matters complained of under four separate points.

■ In the first assignment, appellant says that the original information filed herein was verified upon information and belief by another than the District Attorney, who, only, under our rules, can so verify criminal informations. This contention, if worthy, of notice, is disposed of by Trial Court Rule appearing at Section 41–6–4(2). N.M.S.A.1953, which reads as follows:

"(2) No objection to an information on the ground that it was not subscribed or verified, as above provided, shall be made after moving to quash or pleading to the merits."

See also State v. Jones, 52 N.M. 118, 192 P. 2d 559, and cases therein cited.

■■ Appellant's second attack upon the verdict is that the so-called amended information was filed without leave of court and was unauthorized and void, being an amendment as to substance. It seems that the State is willing to concede that the second information in the same cause in the District Court was an amendment to the first information. It is not just clear that this is the fact. The first of the informations charges the burglary of a dwelling

house belonging to a certain owner and the second charges that an outhouse belonging to the same owner was burglarized in the nighttime. It would seem that the information which was filed last was either one of two in the same case, or else it was a substitute for that first filed. The information filed first was of no importance whatever in the trial of the instant case. The defendant was tried for the burglary in the nighttime of an outhouse, the property of Loyd Larritson. No other consideration to the matter of filing the informations need be given, than to say that defendant, in the presence of his attorney, and after the information had been read in the hearing of both defendant and his attorney, entered a plea of not guilty and within a few minutes thereafter announced that defendant was ready for trial on the second information; and that the jury was then impaneled and sworn. The attack upon the information last filed was later made, during a recess. The attack not only came too late, but it must be said that the trial court gave its assent to the filing of the second information by having the defendant plead to it, knowing it was on file, and by having a jury empaneled and sworn to try the case.

 The third proposition stated by appellant for the consideration of this court is, "The amended information was insufficient to invoke the jurisdiction of the court in that it did not charge a public offense."

The information upon which defendant was tried charges that "Louis Mares bur-glarized an outhouse belonging to Loyd Laritson in the nighttime."

Section 41–6–7, N.M.S.A.1953, provides that an information is valid and sufficient when the charge is made:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

Burglary, as known to common law, is punishable under Section 40–9–1, N.M.S.A. 1953. Several sections following that have headnotes which make use of the term burglary, but the headnotes are no part of the legislative enactment. The offenses in each of these sections made punishable are statutory offenses. Section 40–9–7, N.M.S.A. 1953, provides:

"Every person who shall enter, in the night-time, with or without breaking, or shall break and enter in the day time, any dwelling-house, or any outhouse thereto adjoining, and occupied as such, or any office, shop, warehouse or mine with the intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state penitentiary nor more than three (3) years nor less than six (6) months."

A prosecution under the above section may properly be had on an information such as that last filed in this case. The charge is that an outhouse belonging to a certain individual was burglarized. The term burglarized implies the breaking and entering in the nighttime and that the breaking and entering was with intent to commit a felony within the building.

> "Burglary, at common law, is the breaking and entering, in the nighttime, of the dwelling house—or, as the old definition runs, the mansion house—of another, with intent to commit a felony therein." 9 Am.Jur. 239.

The information is not subject to the attack made upon it in the third proposition stated by appellant.

Appellant's fourth proposition, as basis for reversal, urges that the court erred in overruling appellant's motion to set aside the verdict of the jury because of the variance between the charge made and the proof offered in support thereof.

In argument under this proposition, appellant called attention to the section of the statutes, above quoted, which provides for punishment for breaking and entering an outhouse; and quotes many definitions as to outhouse, the gist of these being that an outhouse is a building near to a dwelling house, used in connection with such dwelling house, but not necessarily adjoining.

Appellant called attention to the fact that the man named in the information, Loyd Larritson, lived in the city of Tucumcari, where he was employed at a motor company, but was the owner of a farm located about 4½ miles distant from Tucumcari; that on the farmland there was a small building, erected for a garage, in which the owner stored his farming tools and his tractor; that, according to the testimony of Mr. Larritson, there was no dwelling on the farm property and there were no buildings except the garage and a cow shed, and that no one lived on the property. Appellant argues from these facts that the building in question was not an outhouse.

The point insisted upon by appellant was raised in the District Court for the first time by motion made after verdict had been returned, in the following language:

> "Your Honor, we should like to request to set aside the verdict because the State fails to prove that the building that was burglarized was an outhouse."

Appellant urges that there was a variance of such grievous nature that the case of State v. Salazar, 42 N.M. 308, 77 P.2d 633, is controlling in its consideration that such error was committed that there should be a reversal. In that case, the defendant appealed from a conviction of the burglary of a shop. The prosecution was upon an information which charged that the defendant " * * * did commit burglary of the shop of the Harvey Cleaners in Raton." The statute under which the prosecution was brought was section 35–1503, 1929 Comp.

This section is now 40–9–6, N.M.S.A.1953. It reads:

"Every person who shall break and enter, in the night-time, any office, shop, or warehouse, not adjoining to nor occupied as a dwelling-house, with the intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state penitentiary not more than three (3) years nor less than one (1) year."

The proof in the Salazar case was that the defendant had broken and entered the shop of one Joe Howard. Harvey Cleaners did not enter into the proof at all. The variance there was as between owners of the shop burglarized, with claim that the shop was not properly identified.

In the Salazar case, the defendant, at the close of the state's case demurred to the evidence and moved for a dismissal of the case. Among other reasons given, he stated that the information alleged that the burglary was in the shop owned by Harvey Cleaners; but that the evidence attempted to show that the burglary was of a shop under the sole ownership of Joe Howard; and that it did not appear that Harvey Cleaners had anything to do with the shop. This demurrer and motion being overruled, the defendant, having offered no evidence, requested the court to instruct the jury to the effect that if no evidence should be found showing that a shop belonging to Harvey Cleaners was broken into by defendant, the verdict should be for defendant. The court denied the requested instruction, and after the jury brought in its verdict the defendant through his attorney moved in arrest of judgment on the ground that the information alleged that the defendant burglarized a shop belonging to Harvey Cleaners, whereas the evidence was all to the effect that it was the shop of Joe Howard.

The writer of the opinion called attention to the fact that there had been a demurrer to the evidence at the close of the state's case and that the defendant had requested an instruction and that both were offered for the same purpose as the motion in arrest of judgment after the verdict was returned. The writer also pointed out that error was assigned by appellant upon the theory that there was a fatal variance between the allegations in the information and the proof.

An examination of the briefs in the Salazar case clearly shows that error was assigned as to the overruling of the demurrer and motion, as to the refusal to give the requested instruction, and as to the motion in arrest of judgment made after verdict.

It would seem therefore that since the attention of the trial court in the Salazar case was repeatedly called to the variance between charge and proof, both before and after verdict, with exceptions, as then required, being properly saved, there could have been no holding, regardless of anything said in respect of a motion in arrest of judgment, except that there was error

in the proceedng of such nature that the judgment should be reversed.

In the case at bar, there was no motion made by appellant at the close of the state's case. At that time it was in no way called to the attention of the court that there was a variance between charge and proof. Defendant made no request of the court to give instructions to the jury as to any variance between the proof and the charge made in the information. In fact, nothing was said in the presence of the court as to variance except in the request made after verdict.

This request is considered in the brief of appellant as a motion to set aside the verdict and grant a new trial and it is considered in the brief of appellee as a motion in arrest of judgment. It is of no importance whether it is the one oi the other.

██ The motion in arrest of judgment will not serve any purpose except as to calling the attention of the court to any proper complaint which may be made after verdict to the record proper or some part of it. A question of variance between charge and proof cannot be raised for the first time by motion in arrest of judgment. Territory v. Sevailles, 1 N.M. 119; Territory v. Miera, 1 N.M. 387; 23 C.J.S., Criminal Law, § 1537.

██ Just as motion in arrest of judg-. ment will not serve the purpose of raising the question of variance, so it is also true that a variance between charge and proof cannot be raised for the first time after

verdict by a motion for new trial. State **v.** Padilla, 18 N.M. 573, 139 P. 143; State v. Klasner, 19 N.M. 474, 479, 145 P. 679; State v. Rucker, 22 N.M. 275, 161 P. 337; State v. Russell, 37 N.M. 131, 19 P.2d 742; State v. Gilmore, 47 N.M. 59, 134 P.2d 741; 23 C.J.S., Criminal Law, § 1430.

██ Appellant, in his reply brief, states that at the close of the state's case he made a motion as to variance but, as the reporter evidently failed to take it down, it does not appear in the record and we cannot consider it.

The judgment must be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.