432 P.2d 396

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Charles T. WILLIAMS, Defendant-Appellant.**
No. 8310.

Supreme Court of New Mexico.
Oct. 9, 1967.

Richard F. Rowley, II, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant's conviction of first degree murder was affirmed in State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). His motion makes six claims for post-conviction relief. The motion was denied on the basis that the claims made were not grounds on which relief could be granted. Defendant's appeal raises the same six points. Under each point he claims he was denied due process and equal protection under the law.

First, defendant claims that the testimony of the witness McGuire "is in question." He asserts that the witness had a police record and that her testimony at trial differed from her testimony at the preliminary hearing. This is an attack on the

credibility of the witness. Credibility is to be determined by the trier of the facts, in this case the jury. State v. Romero, 76 N.M. 449, 415 P.2d 837 (1966). The jury determines credibility in resolving the factual issues of the case.

Post-conviction proceedings are not intended for, or to be utilized as a substitute for appeal as a means of correcting errors occurring during the course of a trial, or to get reconsideration of matters considered on appeal. Neither is § 21–1–1(93), N.M.S.A.1953 (Interim Supp.1966), a method of obtaining a retrial of a case or a consideration of questions which might have been raised on appeal, or reconsideration of matters that were raised and disposed of on appeal. Kyle v. United States, 266 F.2d 670 (2d Cir. 1959), cert. den., 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109. Accordingly, credibility of the witness does not provide a ground for post-conviction relief.

Second, defendant claims that he is unlearned, has little education and "did not fully understand everything that made up his trial." Defendant had two attorneys. The record on the trial and the direct appeal shows that the attorneys protected his rights. If he did not understand the proceedings, he could have asked his attorneys. Procedural due process required nothing more. See Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967); State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967). This claim does not set forth a basis for relief.

Third, defendant claims that he was not given opportunity to explain the extent of his drinking prior to the shooting. Defendant testified in his own behalf and gave his version of the events. His total testimony occupies almost sixty typewritten pages. His testimony has references to his drinking a double shot of Scotch, purchasing a half-pint of whiskey and being in and out of the bar where the shooting occurred. The record shows that his opportunity to explain was not cut off. Further,

the extent of his drinking was an issue at the trial; it is not to be redetermined in a post-conviction proceeding. State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967). This claim provides no basis for relief.

Fourth, defendant contends that one of his two attorneys asked to be relieved of his duty in the case because of a conflict of interest. He thus infers that a conflict existed. The claimed conflict of interest is based on the following allegations: The attorney owned an interest in a funeral home; the funeral home arranged the funeral of the man defendant murdered; the funeral home either collected or attempted to collect the charge for its services from an insurance company.

These allegations, if taken as true, do not assert a conflict of interest. What connection, if any, was there between the insurance company and the defendant? There is no allegation as to defendant's interest in the funeral bill. Defendant must allege some factual basis for the relief sought. Martinez v. United States, 344 F.2d 325 (10th Cir. 1965). Moreover, specific facts must be alleged. Vague conclusional charges are insufficient to raise an issue which demands an inquiry. Mitchell v. United States, 359 F.2d 833 (7th Cir. 1966); Davis v. United States, 311 F.2d 495 (7th Cir. 1963); United States v. Edwards, 152 F.Supp. 179 (D.D.C.1957). Compare State v. Moser, supra.

Fifth, defendant complains of being questioned concerning prior convictions and the State's use of an "F.B.I. rap sheet." This issue was raised and decided on defendant's appeal. Being previously determined, it may not be relitigated in post-conviction proceedings. This point does not set forth a ground for relief. Owens v. United States, 174 F.2d 469 (5th Cir. 1949), cert. denied 338 U.S. 906, 70 S.Ct. 302, 94 L.Ed. 558 (1949); Marcella v. United States, 344 F.2d 876 (9th Cir. 1965), cert. denied 382 U.S. 1016, 86 S.Ct. 630, 15 L.Ed.2d 531 (1966).

Sixth, defendant contends that he should not have been tried for murder in the first degree; that under the facts he should only have been tried for voluntary manslaughter. The issues of murder in the first degree, murder in the second degree and voluntary manslaughter were submitted to the jury. The facts required for conviction were explained as to each issue. These were factual questions. The jury resolved them by its verdict. This claim presents no grounds for relief for the same reasons set forth above in the discussion of defendant's first point.

The order denying relief is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.