441 P.2d 742

STATE of New Mexico, Plaintiff-Appellee,

v.

Stanford M. REID, Defendant-Appellant.

No. 8517.

Supreme Court of New Mexico.

June 10, 1968.

**214**

Watson & Watson, Neil C. Stillinger, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Robert L. Woodward, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant was convicted of raping a child and was sentenced to life imprisonment. He moved for post-conviction relief under § 21-1-1(93), N.M.S.A.1953 (Supp. 1967). After a hearing, the motion was denied. The issues presented by defendant's appeal group under two general headings: (1) statement made by defendant and (2) failure to provide defendant with a complete transcript of the trial proceedings.

*Statement made by defendant.*

After arrest, defendant made a statement to the police. This statement was either admitted into evidence or read to the jury at trial.

■ The statement placed defendant at the house where the rape occurred and showed defendant's knowledge of the physical features of the house. The other portions of the statement are negative; defendant doesn't remember having anything to do with the girl and remembers nothing after reaching the "fourth step." The statement is not a confession. See Shellman v. State, 157 Ga. 788, 122 S.E. 205 (1924).

Relying on Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892), defendant asserts that the statement tended to incriminate him. For the purposes of this appeal, we assume that the statement did tend to incriminate. Defendant asserts that the statement was a compelled statement and thus obtained in violation of his privilege against self-incrimination. In addition, he contends that the circumstances surrounding his giving of the statement amount to a violation of due process.

Defendant divides his claim of a compelled or coerced statement into three headings—coercive atmosphere (see Payne v. State of Arkansas, 356 U.S. 560, 78 S. Ct. 844, 2 L.Ed.2d 975 (1958), physical coercion and totality of the circumstances (see Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); Reck v. Pate, 367 U.S. 433, 81 S. Ct. 1541, 6 L.Ed.2d 948 (1961).

According to defendant's testimony he was arrested in the early morning hours, taken to the police station and questioned for three to four hours until he gave a statement. He claims this statement resulted from a coercive atmosphere because he had not been taken before a magistrate, had not been charged nor informed of any charges against him and during the questioning a gun was placed on the table with the barrel pointing at him. He asserts the statement was actually composed by the police.

■ Defendant contends that he was not advised of a "right to remain silent" nor of a "right to counsel." The events here in question occurred prior to the decisions in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). They are not applicable. State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967). Defendant does not claim that he was required to be advised as to these "rights"; rather that the failure to advise him as to these matters was part of the claimed atmosphere of coercion.

In addition defendant claims the fact that he did not have counsel nor any source

of friendly advice were factors producing the coercive atmosphere.

▮ Defendant claims that he was beaten by the police at the time he was arrested and while being questioned. He also claims that shortly after his arrest the police forcibly took his shorts and shoes from him.[1]

Defendant claims that the "totality of the circumstances"—that is, the combination of coercive atmosphere and physical coercion—show that defendant's statement was the result of coercion.

We do not reach the question of "whether the defendant's will was overborne" at the time he gave his statement. See Lynumn v. Illinois, 372 U.S. 528, 83 S. Ct. 917, 9 L.Ed.2d 922 (1963).

At the post-conviction hearing the trial court found:

> "Any statement made by defendant to the Albuquerque Police Department was admitted in evidence only after the Court made a determination outside of the presence of the jury that it was freely and voluntarily made, and was submitted to the jury with proper instructions as to its admissibility."

▮ This finding is not attacked; it is a fact in this court. State v. Simien, 78 N. M. 709, 437 P.2d 708 (1968).

▮▮ At the trial it was determined that defendant's statement was freely and voluntarily made. If this determination was in error, it could have been corrected on direct review. See Haynes v. Washington, supra. Defendant's direct appeal was dismissed at his own request. A post-conviction proceeding is not a method of obtaining a retrial of the case or a consideration of questions which might have been raised on appeal. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967).

No claim is made that determination of the voluntariness of the statement occurred other than after a full and fair hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Where as here, none of the circumstances set forth in Townsend v. Sain, supra, are claimed, the determination will not be reconsidered in a proceeding under § 21-1-1(93), N.M.S.A.1953 (Sup.1967). See Townsend v. Sain, supra; Lee v. State of Alabama, 373 F.2d 82 (5th Cir. 1967).

*Failure to provide a complete transcript.*

Defendant asserts that he could not adequately present six of his claims for post-conviction relief because the trial court refused to furnish defendant a complete transcript of the trial proceedings.

▮ These claims, and our answers, are:

(a) Defendant was represented by incompetent counsel at trial.

No factual basis was alleged in support of the claim and there was no testimony concerning this claim. There was no issue requiring an inquiry. State v. Williams, 78 N.M. 431, 432 P.2d 396, supra.

▮ (b) Defendant's identification in a police lineup after his arrest "was a farce" because there was only one other person in the lineup and that person bore no physical resemblance to defendant.

This is a claim concerning something outside the record. The trial proceedings could not have aided in its presentation. There was no testimony concerning this alleged identification. It fails for lack of proof. State v. Chavez, 78 N.M. 446, 432 P.2d 411 (1967).

▮ (c) "At the trial, the State's medical expert testified that there was no sign of forceable entry on the alleged victim, and, therefore, no rape occurred."

We are uncertain as to what is claimed. Defendant may be claiming, on the basis of

---

1. If defendant is claiming this was an unlawful search and seizure, the claim is without merit. The search was an incident to arrest. State v. Herring, 77 N.M. 232, 421 P.2d 767 (1966); State

v. Fines, 78 N.M. 737, 437 P.2d 1006 (1968). Seizure of evidentiary items is permissible. Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

the asserted testimony of no "forceable entry," either that the doctor concluded there was no rape or that defendant concluded there was no rape. Whatever is claimed, it makes no difference.

This is a claim concerning credibility of evidence introduced at the trial. Such a claim provides no basis for post-conviction relief. State v. Williams, 78 N.M. 431, 432 P.2d 396, supra.

■ (d) No member of the Negro race was on the jury which tried defendant. Defendant is a Negro.

We do not know what record would show the race of members of the jury; defendant makes no assertion that any record would have disclosed such information. There is no testimony in the post-conviction proceeding concerning the racial make-up of the jury. Thus, defendant failed to prove this claim. State v. Chavez, supra. Further, there is no claim that the absence of Negroes, if a fact, prejudiced this defendant. See State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). This claim does not provide a basis for relief.

(e) There were three counts to the indictment and the jury was permitted to choose two of these counts on which to relieve a verdict.

(f) Defendant was denied his right to appeal.

Counsel concedes that the record does not support claims (e) and (f) and that they are without merit. We agree.

■ Since there is nothing on which to base relief and no attempt to show how the transcript of the trial would have aided in the presentation of the claims, the trial court did not err in refusing to provide a transcript. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968).

The order denying relief is affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.