443 P.2d 500

Albert NIETO, Jr., Petitioner,

v.

STATE of New Mexico, Respondent.

No. 140.

Court of Appeals of New Mexico.

June 28, 1968.

John H. Schuelke, Gallup, for petitioner.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

WOOD, Judge.

Defendant (petitioner, Nieto) moved for post-conviction relief under § 21–1–1(93) N.M.S.A.1953 (Supp.1967). This motion is based on the fact that a police informer "* * * testified as to how the crime supposedly happened * * *." The motion was denied without a hearing. Defendant appeals, claiming it was error "* * * to summarily deny him relief * * *."

Defendant was convicted of a narcotics offense; his conviction was affirmed in State v. Nieto, 78 N.M. 155, 429 P.2d 353 (1967).

At the trial, Castaneda, an admitted police informer, testified that he purchased the narcotic from defendant; that at the time of the purchase, by prior arrangement, a policeman was concealed in the trunk of Castaneda's car and another policeman was watching from an unmarked car about one-half block away. Castaneda had performed similar services for law enforcement agencies on previous occasions.

Defendant claims that Castaneda and law enforcement officers conspired to violate the law and his constitutional rights and infers that Castaneda is guilty of the same offense.

The trial court instructed the jury that one who "* * * without criminal intent, feigns complicity in the commission of a crime merely for the purpose of de-

tecting the perpetrator thereof, with a view to prosecution for the offense, is not an accomplice in law, * * * ". The jury was informed that although officers or another person had cooperated with the defendant and had provided the opportunity for commission of the crime, it was no defense if the defendant, apart from such cooperation, " * * * intends to commit the acts constituting a crime, and if he does acts necessary to constitute the crime, * * * ". Although we are not concerned with whether these instructions were correct statements of law, we note that the defense had no objection to them. Compare § 54–7–7, N.M.S.A.(1953).

Defendant seeks relief from his conviction and sentence on the basis of the arrangement between the informer and the police. The effect of this arrangement was an issue at his trial. If the trial court had incorrectly instructed the jury as to the legal effect of this arrangement, the question could have been raised as an issue in defendant's direct appeal. This was not done.

█ A post-conviction proceeding is not a method of obtaining consideration of questions which might have been raised on appeal. State v. Reid, 79 N.M. 213, 441 P.2d 742, decided June 10, 1968; State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967). The trial court correctly ruled that the question of the legal effect of the arrangement between the informer and the police could not be raised as an issue in the post-conviction proceeding. See Craig v. United States, 376 F.2d 1009 (8th Cir. 1967).

Because of Castaneda's status as an informer, defendant asserts that doubt should be cast on Castaneda's testimony and " * * * [t]his should have been pointed out to the jury by the trial judge."

█ If this contention is an attack on the credibility of Castaneda as a witness, it provides no basis for post-conviction relief. State v. Reid, supra; State v. Williams, supra. Credibility of the witness

is a matter to be resolved by the trier of the facts, in defendant's case, the jury. State v. Williams, supra.

If this contention is a claim that the jury should have been informed of Castaneda's status as a police informer, it provides no basis for relief. Both the State and the defense referred to Castaneda's status on voir dire; his status was clearly set forth in testimony presented to the jury; his status was commented on in closing arguments.

█ If this contention is a claim that the jury should have been instructed to doubt Castaneda's testimony, it provides no basis for relief. Assuming, but not deciding, that such an instruction could properly be given as to an informer's testimony and that such an instruction had been requested, this claim goes to the weight of the testimony. Thus this is a claim concerning the credibility of the witness. Credibility of a witness is not a basis for post-conviction relief. State v. Reid, supra; State v. Williams, supra.

Defendant contends that "if the full information" known to the investigators substantiates Castaneda's testimony, then Castaneda is a person who perjured himself. We assume this is a claim that defendant was convicted on the basis of perjured testimony given by Castaneda and further assume that by "perjury" defendant means that Castaneda wilfully testified falsely under oath. See § 40A–25–1, N.M.S.A.1953; State v. Reed, 62 N.M. 147, 306 P.2d 640 (1957).

█ There must be a factual basis for the relief sought. State v. Williams, supra. Thus, there must be a factual basis for the claim that Castaneda committed perjury. Testimony of the law enforcement officers supports Castaneda's testimony concerning the crime. If, as alleged, there is additional information which is not in the record, and if this additional information also substantiates Castaneda's testimony, all we would have is further evidence corroborating Castaneda;

there still would be no factual basis for the asserted perjury. This contention did not present an issue requiring an inquiry. State v. Reid, supra.

Since the post-conviction motion did not present an issue on which post-conviction relief could be granted, the trial court did not err in denying the motion without a hearing.

The order denying relief is affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.