451 P.2d 556

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles T. WILLIAMS, Defendant-Appellant.**

**No. 8697.**

Supreme Court of New Mexico.

March 10, 1969.

Calvin R. Neumann, Clovis, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

CARMODY, Justice.

Appellant was denied post-conviction relief without a hearing, and here seeks reversal because, he contends, he should have been allowed to appear and testify concerning a claimed denial of due process arising from prejudicial publicity, the denial of the trial court to change the venue, and the refusal of the trial court to instruct on the self-defense theory.

This is the third time appellant has been before this court. In State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966), his conviction on the charge of first-degree murder was affirmed. In State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967), we affirmed a denial of a sought for post-conviction relief. In the criminal case (76 N.M. 578, 417 P.2d 62), one of the questions raised and disposed of was a challenge to the jury panel based on discrimination. In this proceeding, appellant makes a related but somewhat different claim, in that here it is urged that he should have been granted a change of venue because prejudice existed against him in the county of trial. Prior to the original trial, the court conducted an extensive hearing on a motion for change of venue. Various witnesses were called, including a representative of the N.A.A.C.P., who testified that he had been unable to find any prejudice against the defendant because of his race or because of the charge against him. Following this hearing, the trial court denied the motion for change of venue on several grounds, two of which were:

"3. That there is no prejudice to the Defendant in the newspapers [sic] reports offered into evidence by him."

and

"4. There is no showing of public excitement against Defendant * * *."

The trial court in the present case referred specifically to this order and his recollection of the hearing, and reaffirmed his prior ruling.

Appellant's other contention in this proceeding is to the effect that the trial court failed to instruct the jury on the right of self-defense, and that, as a result, the burden of proof as to self-defense was placed upon the defendant.

Neither of the above matters was raised specifically in the original appeal nor in the first post-conviction attempt. We do, however, take note of the fact that, in what we term the "criminal appeal," the questions were raised as to the composition of the jury and certain attacks were made upon other instructions.

■ Ordinarily, post-conviction proceedings cannot be used as a substitute for an appeal. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967), supra; Nieto v. State, 79 N.M. 330, 443 P.2d 500 (Ct.App.1968); and State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct.App.1968). It is only under circumstances where it appears that the defendant was fundamentally deprived of a fair trial that post-conviction relief is available. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); cf., State v. Sisneros, 79 N.M. 600, 446 P.2d 875 (1968).

■ Here, petitioner generally alleged prejudicial publicity. He did not allege a factual basis for the relief sought as required under State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967), supra. There are no allegations in the petition, even if the trial court and we were to disregard the express findings made prior to the original trial, which in any way approached the circumstances which were considered in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). Here, the motion, the files and records conclusively show that appellant is entitled to no relief, State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967); and State v. Gorton, (Ct.App.), 449 P.2d 791, decided January 13, 1969. Here, the trial court had not only tried the original case but had reviewed the transcript and reaffirmed his original determination on the motion for change of venue based upon findings which had substantial support. The claimed error as to the failure to properly instruct, even if the same had merit (which we doubt), cannot be raised at this late date on a motion for post-conviction relief. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967),

supra; State v. Sedillo, supra; and compare State v. Sanders, 54 N.M. 369, 225 P.2d 150 (1950).

The appeal is without merit.

The order denying relief is affirmed. It is so ordered.

NOBLE, C. J., and MOISE, J., concur.