459 P.2d 850

STATE of New Mexico, Plaintiff-Appellee,

v.

Meliton SANCHEZ, Defendant-Appellant.

No. 354.

Court of Appeals of New Mexico.

Sept. 26, 1969.

Leland Stone, Ruidoso, for defendant-appellant.

James A. Maloney, Atty. Gen., Vince D'Angelo, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant filed a motion for post-conviction relief pursuant to Rule 93, § 21–1–1 (93), N.M.S.A.1953 (Supp.1967). The motion was denied, without hearing, and defendant appeals. We affirm for the reasons hereinafter stated.

Defendant was originally held on an open charge of murder. A preliminary hearing was held on that charge. Subsequently, a new information was filed charging defendant with tampering with evidence, § 40A–22–5, N.M.S.A.1953 (Repl.Vol. 6). Defendant was arraigned on 5 December 1967, and after extensive questioning as to voluntariness, defendant's plea of guilty was accepted on the tampering charge. The murder charge had been dismissed. Sentencing was to await a presentence report.

On 26 December 1967, defendant withdrew his plea of guilty. His court-appointed attorney was permitted to withdraw and new trial counsel appointed.

On 28 December 1967, the State filed an amendment to the information adding the charge of manslaughter. Thereafter, on the same day a Second Amended Information was filed charging involuntary manslaughter. Section 40A–2–3(B), N.M.S.A. 1953 (Repl.Vol. 6). Defendant, through his attorney, waived his statutory right to be furnished a copy of this second amended information at least twenty-four hours before being required to plead thereto. Section 41–6–46, N.M.S.A.1953 (Repl. Vol. 6). He also waived a preliminary hearing thereon (one having been previously held on the murder charge). A plea of not guilty was entered. The jury trial was held on 12 January 1968. Defendant was tried and found guilty of involuntary manslaughter. There was no direct appeal.

Defendant contends (a) that he was denied equal justice under the law because his trial counsel did not have time to prepare his case of involuntary manslaughter; (b) that the district attorney's action in changing the nature of the charge from tampering with evidence to involuntary manslaughter was illegal; and (c) that the district attorney's action in changing charges indicates he had no case against defendant.

■ (a) In light of the pre-trial statements of defendant and his trial counsel, defendant's claim that his trial counsel was was not given time to prepare his case is without merit.

At arraignment defendant's trial counsel stated: "* * * I conferred extensively [with defendant] * * * concerning the details set forth in the Amended Information." Furthermore, trial counsel assured the court: "* * * but I will state to the Court that counsel and defendant are stating to the Court that there is no necessity for a preliminary hearing. There's no necessity for it, because I will state to the Court that I have reviewed the 136-page transcript of the prior prelim-

inary hearing, and we will waive this in open court * * *"

Trial counsel and defendant then expressly waived the twenty-four hour interval receipt of information and plea. When trial counsel was informed that the jury trial was set for the 12th of January, his response was: "The earlier the better, your Honor." Finally, there is no record of defendant or trial counsel moving the court for a continuance or extension of time.

▮ The record supports the trial court's finding that "petitioner's Motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." Thus, the trial court properly denied, without hearing, defendant's contention that his trial counsel did not have time to prepare his case. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Sanchez, 78 N.M. 25, 420 P.2d 786 (Ct.App.1966); Rule 93, Rules of Civil Procedure; § 21–1–1(93), N.M.S.A.1953 (Supp.1969).

▮ (b) We construe. defendant's claim that the district attorney's action of changing the charge was illegal as going to the legality of the amended information. A distinction is made between "amendment to an information" and "an amended information." State v. Martin, 2 Ariz.App. 510, 410 P.2d 132 (Ct.App. 1966); State v. Rogers, 2 Ariz.App. 232, 407 P.2d 773 (Ct.App.1965). This contention involves the latter. Unless prejudice to the defendant results a reviewing court will not disturb the trial court's discretion in permitting an amended information. People v. Moore, 21 Ill.App. 2d 9, 157 N.E.2d 94 (Ct.App.1959). Here,

trial counsel attacked the first amended information. After this objection the district attorney modified the information. This modification was acceptable to trial counsel who stated: "I think it has to be amended, Your Honor, I have no objection to calling it the Second Amended Information." Compare State v. Mares, 61 N.M. 46, 294 P.2d 284 (1956). After waiving the twenty-four hours in which to plead, defendant pleaded not guilty to the Second Amended Information. No objection was made to this Second Amended Information. We fail to see any prejudice to defendant or any illegality in the change of the charge. People v. Moore, supra; State v. Mares, supra.

▮ (c) Defendant's claim that the district attorney's action in changing charges indicates that he had no case against defendant can only be construed as an allegation of lack of substantial evidence to sustain his conviction. This allegation, even if proven, would suggest error that could be remedied on direct review and not in a post-conviction proceeding. State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct.App.1968). Defendant did not appeal. A post-conviction proceeding is neither a substitute for an appeal nor is it a method by which to obtain consideration of questions which might have been raised on appeal. State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968); State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); Nieto v. State, 79 N.M. 330, 443 P.2d 500 (Ct. App.1968).

The order denying the relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.