467 P.2d 34

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Sammy Wayne KENNEY, Defendant-Appellant.**

**No. 451.**

Court of Appeals of New Mexico.

March 13, 1970.

Ray C. Cowan, Hobbs, for appellant.

James A. Maloney, Atty. Gen., Mark B. Thompson, III, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Represented by court appointed counsel, defendant pleaded guilty to an attempt to rape a child under the age of thirteen years and to aggravated battery. He sought post-conviction relief under § 21–1–1(93), N.M. S.A.1953 (Supp.1969) claiming his plea was involuntary and his counsel was incompetent. His claims are directed to: (1) a psychiatric examination; (2) knowledge of his case gained by counsel that withdrew; and (3) advice of counsel that represented him throughout the case. The trial court denied the motion without a hearing; defendant appeals.

■ Defendant contends he was entitled to an evidentiary hearing on his motion. To be entitled to such a hearing, he must have alleged a factual basis for relief; vague conclusional charges are in-

sufficient. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967). Further, defendant's claims must raise issues which cannot be conclusively determined from the files and records and those claims must be such, that if true, provide a legal basis for the relief sought. State v. Reece, 79 N.M. 142, 441 P.2d 40 (1968); State v. Byrd, 79 N.M. 13, 439 P.2d 230 (1968). Applying these rules to defendant's contentions, defendant was not entitled to an evidentiary hearing.

*Psychiatric examination.*

■ Defendant asserts he was charged with two violent felonies. This is true. He next asserts " * * * any man of normal functions and sane mind would not commit such acts; * * *" We disregard this as a conclusion. State v. Williams, supra.

Defendant claims that when arrested he was in an alcoholic stupor; that he was an alcoholic, sick, and in need of medical attention. Through his attorneys, defendant sought and obtained a psychiatric examination. The examiner's report, of record, is that defendant was addicted to alcohol, but nevertheless was sane at the time of the crimes and was competent to stand trial. After this report was received, the defense of not guilty by reason of insanity was withdrawn, and the guilty plea entered.

Attacking the examiner's report, defendant infers that action taken on the basis of the report—withdrawal of the insanity defense and entry of the guilty plea—demonstrates his counsel was incompetent and his plea was involuntary. Defendant alleges the psychiatric examination was such that " * * * in a period of five (5) minutes [he] was pronounced sane and able to stand trial."

■ The record conclusively establishes that the claim is false. The examiner's report recites details of the crime, and history of defendant and his family which could not have been obtained in five minutes. It refers to x-ray and laboratory tests. It shows two interviews, three days apart. Since the file and records conclu-

sively establish that this claim was false, defendant was not entitled to a hearing on this claim.

*Knowledge gained by counsel that withdrew.*

Malcolm Shaw was appointed to represent defendant on August 26th. Mr. Shaw requested the assistance of more experienced counsel. Mack Easley was appointed as co-counsel on September 4th. Both attorneys represented defendant at his preliminary hearing held September 27th. On the ground that he had been appointed Assistant District Attorney, Mr. Shaw moved to withdraw as counsel for defendant on October 3rd. The order authorizing the withdrawal was entered on October 9th. Thereafter, defendant was represented by the firm of Easley & Reynolds.

■ Defendant asserts: "That he was deceived by the prosecution and because of this deception and the coercion of the prosecution, he entered a plea of guilty." We disregard the references to deception and coercion as conclusions. State v. Williams, supra.

Defendant claims that Mr. Shaw, while his attorney, questioned him extensively about the facts of the case; then, as Assistant District Attorney, acted as an attorney for the State, achieved his goal " * * * which was a conviction of petitioner. And this was done, strictly on the information which Mr. Malcome [sic] Shaw gleaned * * *" from defendant while acting as defendant's attorney. Further, that while Mr. Shaw was "supposedly" representing defendant, he sat at the table of the District Attorney, as his assistant.

The record conclusively demonstrates the falsity of this claim. The record of the preliminary hearing, where Mr. Shaw represented defendant, shows the State had information which, if believed, was sufficient to establish defendant's guilt. The district court proceedings show that Mr. Hanagan and Mr. Stone represented the State. The judge who denied the post-conviction motion also presided at the district court proceedings resulting in defendant's guilty plea. That judge, in denying defendant's motion, included in his order: " * * * Mr. Shaw did not and could not act for the State in the matter." Before accepting defendant's guilty plea, the judge questioned defendant extensively. Defendant was asked whether he had made any statements to the police, to the District Attorney " * * or anyone else that might incriminate you; that you are afraid might be used against you?" Defendant replied in the negative.

■ Since the files and records conclusively establish that this claim was false, defendant was not entitled to a hearing on this claim.

So far as we can tell from the record before us, defendant's false claims were made under oath. It is appropriate, therefore, to suggest that the District Attorney " * * carefully consider the facts and determine whether * * * the defendant has violated the perjury statutes of the State of New Mexico." State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct.App.1968).

*Advise of counsel representing defendant.*

Defendant contends, as against Easley & Reynolds, " * * * that he was deceived and coerced by *. * * his Court appointed attorney into entering a plea of Guilty." We disregard this conclusion. State v. Williams, supra.

The claim is: "Petitioner was informed by these two Attorneys that his former Attorney in whom he had confided all the facts, was to sit in at his trial and since petitioner had confided in the District Attorneys [sic] office, he had but one chance, and this was to enter a plea of guilty before the state could set fourth [sic] upon achieving [sic] a jury trial. And thus having the court impose the death sentence upon him."

The issue here does not involve the truth of the purported advice; the issue is whether such advice was given. The record cannot conclusively answer this claim because the claim is to matters outside the record.

 It is not difficult to assume that defendant was advised to plead guilty to avoid a trial involving the possibility of a death sentence. One charge against defendant, dismissed after his guilty plea, was a capital felony and at that time a death sentence could have been imposed. If in fact defendant chose to rely on counsel's advice and plead guilty rather than trust his fate to a jury on a charge involving the death penalty, defendant does not gain thereby. Such a factual claim provides no legal basis for holding his plea involuntary. State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967).

 It is difficult to assume that the attorneys gave the advice alleged to have been given in reference to Mr. Shaw. Difficult because the record contains such numerous inferences to the contrary, not the least of which is the evidence introduced by the State at the preliminary hearing. However, because the record does not conclusively establish that no such advice was given and no factual determination has been made by the trial court concerning this asserted advice, we must assume the truth of this allegation.

 Assuming the truth of this purported advice, is the claim sufficiently specific to provide a factual basis for relief? No. The key to the factual allegation is that defendant had "confided all the facts" to Mr. Shaw. According to defendant, Easley & Reynolds advised a guilty plea because such facts had been given in confidence to Mr. Shaw. What facts? Facts indicating guilt? The record of the preliminary hearing shows such facts were already in possession of the State. Facts indicating innocence? Such would be inconsistent with the guilty plea. Facts indicating an avoidance? The plea of not guilty by reason of insanity was not made while Mr. Shaw represented defendant. Lack of intent to commit the crimes to which defendant pleaded guilty? The record indicates this possible defense was discussed with defendant.

Until we know more details of the "confided facts" we are unable to determine whether the assumed advice of the attorneys, based on those facts, provided a factual basis for relief. Defendant's claim, concerning the advice of Easley & Reynolds, is too vague to provide a basis for relief. Pena v. State, (Ct.App.), 81 N.M. 331, 466 P.2d 897, decided February 20, 1970. Accordingly, we do not reach the question whether the assumed advice of the attorneys provided a legal basis for relief. Compare Goodwin v. State, 79 N.M. 438, 444 P.2d 765 (Ct.App.1968) with State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App. 1969).

The order denying the motion without a hearing is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.