513 P.2d 397

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**George Emmons CARR, Defendant-Appellant.**

**No. 1157.**

Court of Appeals of New Mexico.

Aug. 1, 1973.

**464**

Harvey C. Markley, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Agustin T. Gurule, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

This appeal, from denial of a motion for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4), divides into two parts: (1) issues raised in the post-conviction motion and (2) issues raised for the first time on appeal.

In 1961, defendant pled guilty to assault with intent to commit rape and was sentenced to not more than fifty years in the penitentiary. Section 40–6–9, N.M.S.A. 1953 (Orig.Vol. 6), subsequently repealed. All but six months of the sentence was suspended; the six months was served, by order of the court, in the county jail.

In 1964, a jury convicted defendant of aggravated assault contrary to § 40A–3–2, N.M.S.A.1953 (2d Repl.Vol. 6). Defendant was sentenced to the statutory penitentiary term for a fourth degree felony. An order was entered revoking the suspended sentence in the 1961 conviction. The sentence for the 1964 conviction was to run concurrently with the balance of the sentence for the 1961 conviction.

The motion for post-conviction relief was filed in 1971. It attacks the validity of the proceedings leading to the revocation of the suspended sentence. This motion bears the case number of the 1964 sentence, which is not attacked. We disregard the question as to the appropriate case number and consider the contents of the motion.

*Issues raised in the motion.*

■ Defendant makes conclusionary charges that his constitutional rights were violated in the revocation proceedings. These are insufficient to provide a basis for post-conviction relief. State v. Kenney, 81 N.M. 368, 467 P.2d 34 (Ct.App. 1970).

■ Defendant's specific allegations are that he was represented by "inadequate" counsel and did not effectively waive the right to trial by jury on the question of his identity. The trial court found that defendant ". . . was ably represented by competent counsel throughout the revocation proceedings." It also found that defendant admitted his identity in open court and waived trial by jury as to his identity. These findings are not attacked; they are the facts before us on appeal. State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968).

Defendant contends he was entitled to an evidentiary hearing on the matters raised in his motion. Since his conclusionary charges did not entitle him to relief and since he does not attack the findings made by the trial court on the basis of "the file and transcript of proceedings," no evidentiary hearing was required.

*Issues raised for the first time on appeal.*

In his brief, defendant claims: (1) he was not given credit for the elapsed time between his release after serving his six months jail sentence and the time the suspended sentence was revoked; (2) he was coerced by his counsel to plead guilty in the 1961 case; and (3) his counsel exceeded his authority in waiving a jury trial on the question of his identity in the revocation proceeding.

Defendant asserts the trial court erred in not giving him an evidentiary hearing on these claims. Since the matters were not raised in his post-conviction motion, the trial court had no knowledge of them and, thus, could not have erred in not considering them. These matters, being raised for the first time on appeal, are not before us for review. State v. Ranne, 83 N.M. 241, 490 P.2d 683 (Ct.App.1971)..

The order denying the motion is affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.