Donald CORN, #46389, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–14237.

Court of Criminal Appeals of Oklahoma.

May 17, 1967.

Donald Corn, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is an original proceeding filed by Donald Corn to secure his release from con-

finement in the State Penitentiary by writ of habeas corpus.

According to the petition, which is filed without the assistance of counsel, petitioner was sentenced to serve 50 years in the penitentiary, by the district court of Muskogee County, on a plea of guilty to a charge of robbery by force; and at the same time entered pleas of guilty to three other charges, one for forgery, one for assault to kill, and the other for car theft, and was sentenced to five years in each case, these sentences to run concurrently with the 50-year sentence for robbery by force.

Petitioner files a lengthy petition. His contention for release seems to be that he was not represented by counsel and was not advised of his rights at his hearing before the committing magistrate. However, he admits that at the time of his arraignment in the district court, an attorney was appointed to represent him, and that three days later he was taken before the district court for his plea. At that time petitioner states that he entered a plea of guilty to the charge of robbery by force, and also to the three other charges pending against him.

It is fundamental that where a defendant is arraigned, and pleads to the merits, he waives all right to complain of any irregularities in the preliminary examination. Neff v. State, 39 Okl.Cr. 133, 264 P. 649.

We have carefully examined the petition filed herein, and also petitioner's record as disclosed by the files in the office of the Pardon and Parole Board.

We find that this is the third occasion on which petitioner has been sentenced to the state pentitentiary. On March 29, 1962 he was granted a parole on the 50-year sentence. While he was free on parole, on December 21, 1962, he was charged with breaking into a liquor store in Mayes County, Oklahoma, and stealing a large quantity of intoxicating liquor. Consequently, on January 8, 1963 his parole was revoked.

We are of the opinion that this petitioner does not make out a prima facie

case for release. In a habeas corpus proceeding, the burden is upon the petitioner to prove the grounds upon which he relies for his release. Every presumption favors the regularity of the proceedings had in the trial court, and the unsupported statements of petitioner do not meet the requirements of that proof. Lavender v. McLeod, Okl.Cr., 325 P.2d 1080, and cases cited.

There is nothing in petitioner's allegations to indicate that the trial court did not have jurisdiction of the petitioner, jurisdiction of the crime charged, and authority under the statutes to pronounce the judgment and sentence involved.

The petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.