439 P.2d 228

**John Wesley HANSON, Petitioner-Appellant,**

v.

**STATE of New Mexico, Respondent-Appellee.**

**No. 8491.**

Supreme Court of New Mexico.

April 1, 1968.

Robert A. Morrow, Raton, for petitioner-appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

ARMIJO, Judge, Court of Appeals.

John Wesley Hanson was tried by jury and convicted of assault with intent to kill and was sentenced in accordance with the applicable statute. He filed a motion to set aside the judgment pursuant to Rule 21-1-1(93), N.M.S.A.1953 (Supp.1967), and from an order denying relief, he appeals.

A hearing on the motion was held, at which appellant was present and testified; he was represented by court appointed counsel.

Appellant as grounds for relief advances four points, all of which are found to be without merit.

First: That he was arrested without a warrant.

This contention raises no issue for post-conviction relief. At the hearing on the motion, the trial court made the following findings, which are not attacked on appeal:

"1.

"That although defendant was arrested without warrant, such arrest was made by an officer who had sufficient facts within his knowledge as would constitute probable cause for making the arrest."

"5.

"That thereafter on October 7, 1958, upon arraignment before the court and while represented by and in the presence of counsel, defendant entered a plea of not guilty to the charges in the information without raising the issue of prior

failure to provide counsel or advice or rights to counsel."

Although no hearing was required on this point, the trial court's finding completely disposes of this contention and we further affirm the rule that by his plea of not guilty, appellant waived any claim of error based on unlawful arrest. State v. Simien, 78 N.M. 709, 437 P.2d 708, filed February 19, 1968; State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967), and State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967).

Second: That appellant's home was searched without a warrant and a gun obtained and used as evidence at the trial.

This assertion is refuted by the trial court's finding which likewise is not questioned. It reads as follows:

"2.

"That the allegation of paragraph No. 2 of defendant's motion to the effect that his home was searched without a warrant to obtain the gun used at the trial is not true."

Findings made by the trial court and not directly attacked become the facts in this court. Bernstein v. Bernstein, 73 N.M. 365, 388 P.2d 187 (1964); Hutchison v. Boney, 72 N.M. 194, 382 P.2d 525 (1963); Latta v. Harvey, 67 N.M. 72, 352 P.2d 649 (1960) and Hinkle v. Schmider, 70 N.M. 349, 373 P.2d 918 (1962).

Third: That appellant was a pauper and no attorney was furnished him at the time of his arrest.

The record discloses that appellant was furnished counsel prior to arraignment. The trial court found (see Finding of Fact 5 previously quoted and also Finding of Fact 4):

"4.

"That thereafter but prior to October 7, 1958, by order of District Judge Fred J. Federici, Paul A. Kastler of Raton, New Mexico, a member in good standing in the bar of the State of New Mexico, and a practicing attorney of said court, was

appointed to act as counsel for the defendant in this cause."

There is nothing to show that appellant was prejudiced by his not having been afforded counsel prior to arraignment, and further, he fails to show in what particular this claim of error constituted a denial of due process.

 By his plea, appellant waived any requirement for counsel prior to arraignment. State v. Raburn, 76 N.M. 681, 417 P.2d 813 (1966); State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966); Bouldin v. Cox, 76 N.M. 93, 412 P.2d 392 (1966); Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965); Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964) and French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964).

Finally, appellant contends that he feels his constitutional rights were violated at every stage of the proceeding.

We are pointed to no specific basis for the claim and such a blanket assertion cannot be made the basis of review. The trial court made no specific findings on this allegation since apparently nothing was offered as a basis therefor and additionally no requested findings were tendered. In this regard we must adhere to the rule that a strong, although rebuttable, presumption exists after the verdict in support of constitutional regularity and that official duties in court proceedings have been regularly performed; and a person seeking relief has the burden of overcoming this presumption. State v. Gilbert, 78 N.M. 437, 432 P.2d 402; Tooker v. State, 147 Mont. 207, 410 P.2d 923 (1966).

Mere unsupported statements of irregularity do not meet the requirement of proof. Corn v. Page, 428 P.2d 343 (Okl.Cr. 1967).

Error must appear from the record; it is never presumed. Tuggle v. Page, 427 P.2d 439 (Okl.Cr.1967) and In re Johnson, 62 Cal.2d 325, 42 Cal.Rptr. 228, 398 P.2d 420 (1965).

Although not required to do so, we have carefully examined the record before us and find nothing disclosed thereby to indicate irregularity.

Finding no error, the order of the trial court overruling the motion, is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.