471 P.2d 204

Manuel D. HERNANDEZ, Petitioner-
Appellant,

v.

STATE of New Mexico, Respondent-
Appellee.

No. 464.

Court of Appeals of New Mexico.

May 28, 1970.

David W. Bonem, Quinn & Bonem, Clovis, for petitioner-appellant.

James A. Maloney, Atty. Gen., Santa Fe, William J. Torrington, Asst. Atty. Gen., for respondent-appellee.

## OPINION

WOOD, Judge.

■ Petitioner moved for post-conviction relief. Section 21–1–1(93), N.M.S.A. 1953 (Supp.1969). The trial court's order recites that it had reviewed the court file, that the motion "* * * is without merit and states no grounds for relief. * * *" The motion was denied without a hearing. Since the court file is not before us, and since the trial court made no findings on the basis of the court file, our review is limited to determining whether any of petitioner's claims state a basis for relief. Pena v. State, 81 N.M. 331, 466 P.2d 897 (Ct.App.1970).

The claims, and our answers, follow.

*Lack of advice as to rights.*

■ Petitioner claims that following his arrest in July, 1962 and during the "* * * subsequent interrogation by police officers * * *", he was never informed of his "'* * * Constitutional Rights or Civil Rights.'" Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, 10 A.L.R.3d 974 (1966) is not applicable to this contention because it is not given retroactive application. Pena v. State, supra.

■ Petitioner asserts that the lack of advice as to rights is a factor to be considered in determining whether any statement made by him was voluntary; that the lack of advice is a circumstance to be considered in determining whether a statement resulted from coercion. Leighton v. Cox, 365 F.2d 122 (10th Cir. 1966); State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968). We agree, but the rule is of no benefit to petitioner. There is no claim that petitioner made a statement. There is no allegation to which this rule could be applied.

■ Further, the lack of advice as to petitioner's rights, without a showing of prejudice, provides no basis for post-conviction relief. State v. Bryant, 79 N.M. 620, 447 P.2d 281 (Ct.App.1968); State v. Valadez, 79 N.M. 513, 445 P.2d 390 (Ct. App.1968). Here, there is no claim of prejudice resulting from lack of advice concerning petitioner's rights.

*Increase in bail.*

Petitioner asserts that prior to his preliminary hearing he was under a $2500 bail bond, that at the preliminary hearing the bond was increased to $3000 and that he had to put up this additional amount "* * * to remain free on Bond." He claims this increase in his bail was without justification.

We assume the initial bail was the amount endorsed upon the warrant for petitioner's arrest. Section 41–4–1, N.M.S. A.1953 (Repl. Vol. 6); see State v. Garcia, 78 N.M. 777, 438 P.2d 521 (Ct.App.1968). When a defendant after a preliminary hearing is held for District Court trial, § 41–3–13, N.M.S.A.1953 (Repl. Vol. 6) authorizes the committing magistrate to set a bail to secure the defendant's appearance in District Court. According to petitioner's allegation, the increase in bail occurred when petitioner was bound over to District Court for trial.

■ Since the magistrate is authorized under § 41–3–13, supra, to set bail in an amount to secure a defendant's appearance in District Court, petitioner's claim, that the increase in his bail was without justification, is too vague to provide a basis for post-conviction relief. No factual basis is asserted to support the asserted lack of justification. See Pena v. State, supra.

■ Further, the increase in the bail would not be a basis for post-conviction relief unless petitioner was prejudiced by the increase. Compare Pena v. State, supra. Here, petitioner alleges he put up the additional bail. There is neither indication nor claim of prejudice.

*Polygraph examination.*

This claim is: "He was required by law enforcement officials to travel out of the State of New Mexico to participate in a voluntary polygraph examination."

Not only is there no claim that any prejudice resulted from the test being given out of the State, compare Pena v. State, supra, the claim itself indicates petitioner's participation was voluntary. This claim provides no basis for relief.

*Counsel.*

The claim: "The Trial Court did not properly advise him of his right to appointed counsel and instead required that he hire defense counsel." Since petitioner had hired counsel, this claim goes only to the failure of the court to advise that counsel would be appointed if petitioner could not provide his own counsel. In absence of a showing of prejudice, this lack of advice concerning appointment of counsel provides no basis for relief. See Hanson v. State, 79 N.M. 11, 439 P.2d 228 (1968); State v. Torres (Ct.App.), 81 N. M. 521, 469 P.2d 166, decided January 30, 1970.

*Lack of a line-up.*

The claim: "No police 'line-up' was held and petitioner first faced his accuser at the time of trial in District Court." This claim provides no basis for post-conviction relief. Petitioner had no right to be identified in a line-up. State v. Baumgardner, 79 N.M. 341, 443 P.2d 511 (Ct.App.1968).

*Sentence for contempt of court.*

Petitioner asserts that at the conclusion of his trial he was sentenced to thirty days in jail for contempt of court for " * * * failure to reveal names of persons involved in activity not concerning * * * " the rape charge on which he was tried. Since the contempt sentence occurred at the conclusion of petitioner's trial for rape, we fail to see what bearing this contention has on his conviction and sentence for rape. No factual basis for relief is asserted. Pena v. State, supra.

*Sentence for rape.*

Petitioner asserts that after serving the contempt sentence he was sentenced for the rape conviction. He asserts the sentence was not less than one and not more than ninety-nine years. This was the authorized sentence at the time of his conviction. Laws 1923, ch. 110, § 2—now repealed. Imposition of the sentence authorized by law provides no basis for relief. State v. McCain, 79 N.M. 197, 441 P.2d 237 (Ct.App.1968).

*Failure to conduct an evidentiary hearing.*

None of petitioner's claims provided a basis for post-conviction relief. The trial court did not err in failing to conduct an evidentiary hearing on said claims. Pena v. State, supra.

The order denying relief without a hearing is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.