475 P.2d 51

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Willie S. MARTINEZ, Defendant-Appellant.**

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Mike MARTINEZ, Defendant-Appellant.**

Nos. 514, 515.

Court of Appeals of New Mexico.

Sept. 18, 1970.

———◆———

Eugene E. Brockman, Tucumcari, for appellants.

James A. Maloney, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for appellee.

OPINION

WOOD, Judge.

The defendant in each of these cases was convicted of burglary. Each moved for post-conviction relief under § 21–1–1 (93), N.M.S.A.1963 (Supp.1969). Each motion was denied without a hearing; each defendant appeals asserting he was entitled to an evidentiary hearing on his motion.

Mike's claim for relief is that he was "Mentally harassed into fear of my life—at the age of nineteen year's old—(A minor)—and charged convicted and sentenced through trickery of public—and court officials—to a term of five yerr's [sic] in the Penitentary [sic] of New Mexico—against constitutional law and safegards [sic]—of the Unite [sic] States of America—." Willie's motion makes the same

claim except that he asserts he was seventeen years old.

What form did the harassment take? What resulted to each defendant's detriment as a result of the asserted fear? What trickery and by whom? How did the asserted trickery affect each defendant? The records show that each defendant was represented by counsel and was convicted after a jury trial. The claims made are factually insufficient. They are too vague to state a basis for post-conviction relief. Pena v. State, 81 N.M. 331, 466 P.2d 897 (Ct.App.1970) and cases therein cited.

The order denying relief in each case is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.