481 P.2d 103

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Clarence M. BRUCE, Defendant-Appellant.**

**No. 9116.**

Supreme Court of New Mexico.

Feb. 15, 1971.

Frank P. Dickson, Jr., Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Roy G. Hill, Sp. Asst. Atty. Gen., Sante Fe, for plaintiff-appellee.

OPINION

TACKETT, Justice.

The District Court of Bernalillo County, New Mexico, denied a motion for post conviction relief filed December 9, 1969. Defendant appeals.

Defendant was convicted by a jury in October 1962, of sodomy. He was sentenced to not less than one year nor more than life. Since the date of sentencing, defendant has filed several motions for post conviction relief, as well as a habeas corpus petition, all raising substantially the same issues, which were denied without a hearing.

Defendant's primary contention is that the trial court erred in refusing to grant him a hearing on the motion to vacate judgment and sentence on the issue of inadequacy of counsel. In State v. Wilson, 82 N.M. 142, 477 P.2d 318 (Ct.App.1970), we find the following:

"We have uniformly held that before a defendant can be heard to complain of the inadequacy of his counsel he must show that the proceedings leading to his conviction amounted to a sham, a farce, or a mockery. * * *"

No such showing is presented in the instant case.

 It was incumbent on defendant, to merit a hearing on the motion, to set forth matters therein which, if proved, would require the setting aside of the conviction. This he did not do. Where an examination of the motion discloses a total absence of ground which could accomplish

the end sought by petitioner, the trial court is not required to grant a hearing. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968). Such is the situation in the instant case. The ground for the attack on the judgment and sentence was without merit and no hearing was required.

The judgment is affirmed. It is so ordered.

OMAN and STEPHENSON, JJ., concur.