483 P.2d 502

STATE of New Mexico, Plaintiff-Appellee,

v.

Ronald Leroy JACOBY, Defendant-Appellant.

No. 535.

Court of Appeals of New Mexico.
March 19, 1971.

Robert W. Ward, Lovington, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Ray H. Shollenbarger, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of three burglaries, an attempted burglary and possession of burglary tools. He did not appeal these convictions. This appeal is from a denial of post-conviction relief under § 21-1-1(93), N.M.S.A.1953 (Repl.Vol. 4). The claims and our answers follow.

### 1. *Search and seizure.*

The claim is that there was an illegal search of defendant's person and the vehicle in which he was riding; that this evidence was used to secure his convictions. Jacoby's case was consolidated with Everitt's case for trial purposes. This claim was answered on the merits and adverse to Jacoby in Everitt's appeal. State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App. 1969). Further, the claim of an illegal search is not a basis for post-conviction relief where the circumstances of the search are known to defendant at time of trial. State v. Barton, 79 N.M. 70, 439 P.2d 719 (1968); State v. Pineda, 79 N.M. 525, 445 P.2d 749 (Ct.App.1968). Defendant's claim makes it clear that he knew of the circumstances of the search at the time of his trial.

### 2. *Double jeopardy.*

Defendant asserts his convictions were in violation of the Fifth Amendment to the U. S. Constitution and to N.M. Const. Art. II, § 15. His counsel asserts this is a claim that defendant was subjected to double jeopardy. Assuming this is the claim made, there are no specific factual allegations on which to base the claim. Only the conclusion is stated. This provides no basis for relief. State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969); State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct.App.1968). Further, a claim of double jeopardy was decided, on the merits, adverse to defendant, in State v. Everitt, supra.

### 3. *Not present at time of convictions.*

Defendant asserts he was convicted of attempted burglary and then returned to his cell. He claims the convictions of the other four offenses were returned by the jury without his presence. The trial court found: "This statement is completely false. The defendant was tried on five separate counts at the same time and before the same jury. All verdicts were returned by the jury at the same time." This finding is not attacked; it, therefore, is the fact before this court. State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968); McCroskey v. State, 82 N.M. 49, 475 P.2d 49 (Ct.App. 1970).

### 4. *Excessive bail.*

Defendant claims he was held under excessive bail and that the amount of this bail was $30,000.00. The record shows that bail was set for each of the five charges and that the total of the bail was $25,000.00. Defendant states only the conclusion that this total amount was excessive. In the light of five charges, why was it excessive? Defendant doesn't say. Accordingly, the claim is too vague to provide a basis for post-conviction relief. Further, he claims no prejudice from the amount of the bail. Hernandez v. State, 81 N.M. 634, 471 P.2d 204 (Ct.App.1970).

### 5. *Speedy trial.*

Defendant claims he was denied a speedy trial. The trial court found as a fact there was no such denial. The find-

ing is not attacked and is conclusive on this issue. State v. Reid, supra; McCroskey v. State, supra. As to the lack of speedy trial being a basis for post-conviction relief, see Patterson v. State, 81 N.M. 210, 465 P.2d 93 (Ct.App.1970).

### 6. *Preliminary examination.*

Defendant claims " * * * he waived a preliminary examination without the assistance of counsel. * * *" The record shows the falsity of this claim; it shows that defendant had a preliminary examination (the transcript of this proceeding is some 180 pages), and that he was represented by counsel at that preliminary examination.

### 7. *Fundamental error.*

Defendant contends the trial court committed fundamental error in "sustaining" the conviction of attempted burglary. His claim is " * * * there is a total lack of substantial evidence so that Appellant could have been convicted only on mere speculation." What defendant seeks is a review of the sufficiency of the evidence to sustain this conviction. Insufficiency of the evidence, in itself, is not a basis for post-conviction relief. Herring v. State, 81 N.M. 21, 462 P.2d 468 (Ct.App. 1969). As to the asserted insufficiency of the evidence being of a degree amounting to fundamental error, " * * * [t]he doctrine is resorted to only under exceptional circumstances and is applied as a means of preventing a miscarriage of justice." State v. Gomez, 82 N.M. 333, 481 P.2d 412 decided February 5, 1971. No such exceptional circumstances exist in this case.

The orders denying post-conviction relief are affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.