495 P.2d 1102

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Don Aaron LEE, Defendant-Appellant.**
**No. 805.**

Court of Appeals of New Mexico.
March 24, 1972.

Donald C. Cox, Easley & Reynolds, Hobbs, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, N. M., Ronald Van Amberg, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Chief Judge.

Defendant's conviction was affirmed on direct appeal. State v. Lee (Ct.App.), 83 N.M. 522, 494 P.2d 184, decided February 4, 1972. He now appeals from a denial of post-conviction relief without a hearing. Section 21-1-1(93), N.M.S.A.1953 (Repl. Vol. 4). In considering the issues raised in this appeal, we take judicial notice of the record in the direct appeal. State v. Turner, 81 N.M. 571, 469 P.2d 720 (Ct.App. 1970).

■ 1. Defendant claims his shoes were taken from him by an illegal search and seizure and were used to "manufacture evidence" against him. Another claim is that the $1000.00 amount of the bond set for his appearance at trial was excessive; that he could not make this bond because he was indigent and, because he was not released on bond, he was unable to contact witnesses for his defense.

These contentions could be answered on various grounds—as to search and seizure see State v. Barton, 79 N.M. 70, 439 P.2d 719 (1968); State v. Anaya, 82 N.M. 531, 484 P.2d 373 (Ct.App. 1971); State v. Jacoby, 82 N.M. 447, 483 P.2d 502 (Ct.App. 1971); as to bail see Ex parte Parks, 24 N.M. 491, 174 P. 206 (1918); State v. Jacoby, supra; State v. Lucero, 81 N.M. 578, 469 P.2d 727 (Ct.App. 1970); Hernandez v. State, 81 N.M. 634, 471 P.2d 204 (Ct.App. 1970); United States v. Smith, 444 F.2d 61 (8th Cir. 1971).

We answer the contentions on the basis of the proceeding in which they are raised. "Post conviction proceedings are not a method of obtaining consideration of questions which might have been raised on appeal. * * *" Jones v. State, 81 N.M. 568, 469 P.2d 717 (1970); see also, Miller v. State, 82 N.M. 68, 475 P.2d 462 (Ct.App. 1970). Defendant did not raise these issues on his direct appeal; he may not properly raise them in post-conviction proceedings. State v. Beachum (Ct.App.), 83 N.M. 526, 494 P.2d 188, decided February 4, 1972.

■ 2. This claim concerns the right of a defendant to have compulsory process to compel the attendance of necessary witnesses on his behalf. See N.M. Const. Art. II, § 14. Defendant asserts that no attempt was made, by either the State or defense counsel, to produce a witness requested by defendant. The record conclusively shows to the contrary. Defendant's affidavit, submitted in support of a motion for continuance of the trial date, affirmatively recites that the sheriff's deputies and defense counsel were endeavoring to discover the whereabouts of the witness. There is no factual basis for the claim.

■ 3. Defendant states: "That since the necessary witnesses for Petitioner were not in evidence at the time of his trial, Petitioner was coerced by Defense Counsel to take the stand in his own behalf, and this is a violation of . . ." the right not to incriminate himself. In this appeal, counsel states that defendant is not contending that trial counsel advised defendant to take the stand. See Barela v. State, 81 N.M. 433, 467 P.2d 1005 (Ct.App. 1970). Appellate counsel asserts that defendant was coerced into taking the stand.

In what way? There are no allegations as to the facts of the alleged coercion; specific factual allegations are required. Such factual allegations were lacking in State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct.App. 1968) and are also lacking here. Specifically, the coercion claim is too vague to provide a basis for post-conviction relief. Compare the claim that the trial judge condoned perjury in State v. Hibbs, 82 N.M. 722, 487 P.2d 150 (Ct.App. 1971) and the claim that defendant was convicted through harassment and trickery, State v. Martinez, 82 N.M. 51, 475 P.2d 51 (Ct. App. 1970); see also, State v. Tapia, 80 N.M. 477, 457 P.2d 996 (Ct.App. 1969).

■ 4. The claims of defendant in paragraphs numbered 2 and 3 of this opinion imply that defendant's trial counsel was inadequate. There being an absence of allegations amounting to a claim that his trial was a sham, farce or mockery of

justice, the claim provides no basis for post-conviction relief. State v. Trejo (Ct. App.), 83 N.M. 511, 494 P.2d 173, decided February 4, 1972; State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct.App. 1970).

■ 5. It is contended that the trial court erred in not conducting an evidentiary hearing on the motion for post-conviction relief. Since no basis for relief was asserted, an evidentiary hearing was not required. State v. Bruce, 82 N.M. 315, 481 P.2d 103 (1971).

The order denying relief without a hearing is affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.