This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FRANK TYLER**

Plaintiff-Appellant,

v.                                                                          **NO. 32,720**

**USAA-CIC,**

Defendant-Appellee

and

**ARMANDO VILLEGAS**,

Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Frank Tyler
Albuquerque, NM

Pro se Appellant

Civerolo, Gralow, Hill & Curtis
William Gralow
Megan D. Hill
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}    Frank Tyler (Plaintiff) appeals from the district court's order dismissing Defendant USAA-CIC with prejudice. [RP 350, 447, 478] This case arises out of an automobile accident that occurred on April 15, 2008. [RP 5] The proceedings were bifurcated between Plaintiff's tort claims against Defendant Armando Villegas and Plaintiff's breach of contract claims against Defendant USAA-CIC. [RP 184] The subject of this appeal is the propriety of the district court's order dismissing all of Plaintiff's breach of contract claims against Defendant USAA-CIC with prejudice. [RP 350]

{2}    Plaintiff raises numerous issues on appeal. [Informal DS] We consolidate Plaintiff's issues as: whether the district court erred, on procedural or substantive grounds, in granting Defendant USAA-CIC's motions for summary judgment on claims for lost wages and medical expenses, and therefore erred in dismissing Defendant USAA-CIC with prejudice from the case. The calendar notice proposed summary affirmance. [Ct. App. File, CN1] Plaintiff has filed a memorandum in

opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

**FINALITY**

{3} Plaintiff expresses concerns in the docketing statement that the order dismissing Defendant USAA-CIC with prejudice is not final, was entered prematurely, and was inappropriately entered without adequate notice and a hearing and in the face of several procedural errors. We disagree.

{4} "Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion." *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. Generally, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible. *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033.

{5} As mentioned above, Plaintiff's tort claims against Defendant Villegas and Plaintiff's contract claims against Defendant USAA-CIC were appropriately bifurcated. [RP 184] In addition, the record proper indicates that the propriety of the two orders granting summary judgment to Defendant USAA-CIC previously came

before this Court. [RP 247, 278] This Court's calendar notice proposed summary dismissal for lack of a final order. [RP 300] Subsequently, no memorandum in opposition to that calendar notice was filed, the appeal was dismissed, and the case returned to the district court. [RP 304]

{6} Immediately thereafter, however, Defendant USAA-CIC moved for presentment of a final order dismissing it from the case with prejudice. [RP 306] The parties fully briefed the matter [RP 306, 321, 324, 326, 334, 339], and the district court entered a final order dismissing all of Plaintiff's breach of contract claims against Defendant USAA-CIC with prejudice. [RP 350] The order of dismissal was entered without a hearing, and it clarified that the previously entered orders for summary judgment had disposed of all of Plaintiff's breach of contract claims against Defendant USAA-CIC. [RP 350]

{7} The order of dismissal states that "[t]he Court finds that there are no remaining claims for breach of contract against Defendant USAA-CIC." [RP 350] This is a final, appealable order with regard to Plaintiff's claims against Defendant USAA-CIC. *See* Rule 1-054(B)(2) NMRA (stating in applicable part that "[w]hen multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in

3

the judgment"). The fact that Plaintiff's tort claims against Defendant Villegas were unresolved at the time the district court entered the order dismissing Defendant USAA-CIC does not affect the finality of the order of dismissal against Defendant USAA-CIC. This is particularly true under the circumstances of this case, as we more fully discuss below, where Plaintiff failed to respond to the two motions for summary judgment and the presentment motion with any specific evidence or documentation or affidavits that he suffered loss of wages, injury, aggravation of a previous injury, or that he has any outstanding damages payable under the insurance contract.

{8}    Plaintiff's memorandum does not revisit the finality concerns he raised in the docketing statement, and we remain persuaded that our analysis of this matter as set forth in the calendar notice is correct and appropriate. *See, e.g.*, *Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). We hold that the district court's order of dismissal is a final, appealable order.

**PLAINTIFF'S PROCEDURAL ISSUES ARE NOT A BASIS FOR REVERSAL**

{9}    Plaintiff raises numerous procedural issues in the docketing statement, including that the district court erred (1) in allowing a licensed attorney to argue summary judgment for Defendant in pleadings without ever having entered an

4

appearance; (2) in limiting the kinds of pleadings Plaintiff could file in response to the motion for presentment; (3) in reducing the summary judgment hearing to fifteen minutes and not allowing Plaintiff more time to argue regarding the issue of lost wages; (4) in notifying Plaintiff five days prior to the summary judgment hearing, which did not allow Plaintiff time to prepare; (5) in dismissing the wage claim by summary judgment with prejudice after allowing Defendant to argue that no wage claim had been presented and for dismissal without prejudice; (6) in not allowing Plaintiff to file important pleadings by facsimile; (7) in ruling on motions without a hearing and oral argument, and in conferring with opposing counsel in Plaintiff's absence; (8) in fast-tracking the litigation; and (9) in allowing Defendant to opt out of serving Plaintiff notice of the final hearing. [Informal DS 5-6]

{10} In the memorandum, Plaintiff continues to claim that procedural errors "individually and collectively" prejudiced his case. [MIO 1] Plaintiff lists two specific alleged errors and otherwise mentions that other errors are listed in the docketing statement and at a hearing. [MIO 1-2] Plaintiff specifically claims that the litigation was "fast track[ed] on an untimely scheduling order" and that he was given "statutorily deficient notice of the 3/28/12 Summary Judgment hearing." [MIO 1] Plaintiff then vaguely states that the "balance (DS)" of his objections "proved only to be cumulatively fatal to his claims" [MIO 1-2], and that "Appellant's claims, linked

to authority, are in his oral argument at the Summary Judgment presentment hearing." [Id.] Plaintiff also continues to argue that, if he had been given proper notice of the summary judgment hearing, he would have been able to provide more evidence concerning his income. [MIO 4] Plaintiff further argues that the district court relied on affidavits of Defendant's payment of overdue bills rather than on Plaintiff's own affidavits. [MIO 3-4] Plaintiff also claims that the scheduling order was defective because it "locked him into the scope of litigation set" and hampered Plaintiff's ability to "launch prosecution of a wage claim prematurely." [MIO 5] Plaintiff claims the flawed, fast-paced scheduling order did not allow him to reschedule his own deposition, or undertake further discovery, or file his own dispositive motions. [MIO 5-6] We are not persuaded.

{11} All of Plaintiff's procedural issues are based on Plaintiff's general assertion that if he had had more time, he could have or would have done more discovery and he could have or would have provided more information to support his claims, through his own affidavits or other documentary evidence. We note, however, as more fully discussed below, in response to Defendant's motions for summary judgment filed in 2011 and 2012 [RP 43, 45, 90, 94], Plaintiff wholly failed to provide any of his own affidavits or documentation to support his specific monetary claims for lost wages and medical expenses arising out of an accident that occurred on April 15, 2008.

6

Moreover, in our calendar notice, we set forth numerous reasons why Plaintiff's claims of procedural error do not provide a basis for reversal of the district court judgment. Plaintiff's memorandum does not address any of the deficiencies we identified. Under the circumstances, we remain persuaded that summary affirmance is appropriate on these issues.

{12} First, Plaintiff provides no legal authority in the docketing statement or the memorandum in opposition that any of the alleged procedural errors individually or cumulatively provide a basis for reversal of the district court's judgment. This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.

{13} Second, while Plaintiff asserts he was prejudiced by these alleged errors, none of the facts and circumstances or the context that gave rise to them is explained in the docketing statement or the memorandum. *See Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶¶ 5-8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court is correct and that the burden is on the appellant to clearly demonstrate that the trial court erred). We note that Plaintiff had ample time to prepare for the summary judgment hearing following the filing of the pleadings despite apparently not knowing the exact date until five days

before. Moreover, in this regard, Plaintiff has not indicated what evidence he would have provided or how it would have made a difference to the outcome of this case had he been given more time to prepare or more time to state his arguments at the summary judgment hearing. *See In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").  In particular, we discuss below that Plaintiff's own failure to respond to the motions for summary judgment with any specific evidence to contradict Defendant's prima facie showings, led to summary judgment for Defendant USAA-CIC.

{14}     Third, Plaintiff has not demonstrated to this Court that he raised these issues during the proceedings below or gave the district court the opportunity to consider and rule on them. *See, e.g., Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." ); *see also Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue.  Absent that citation to the record or any obvious preservation, we will not consider the issue.").

**{15}** Fourth, the district court has broad discretion in the management of its time and the operation of its docket. *See, e.g.*, *Pizza Hut, Inc. v. Branch*, 1976-NMCA-051, ¶ 8, 89 N.M. 325, 552 P.2d 227 (stating that "trial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

**{16}** Fifth, other than to generally assert that the alleged errors individually and cumulatively affected his case, Plaintiff has failed to persuade us that any of these alleged errors actually did affect the outcome of this case. *In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result."); *see also Morris v. Merchant*, 1967-NMSC-026, ¶ 24, 77 N.M. 411, 423 P.2d 606 ("The function of an appellate court is to correct an erroneous result, and it will not correct errors which, even if corrected, will not change the result.").

**{17}** To the extent Plaintiff continues to claim that the order of dismissal was erroneously entered without a hearing, we are not persuaded. A district court is not always required to hold an in-person hearing, and some matters are properly heard based solely on the review of the papers submitted by the parties. *See State Transp. Dep't, Motor Vehicle Div. v. Yazzie*, 1991-NMCA-098, ¶¶ 11-12, 112 N.M. 615, 817 P.2d 1257 (holding that the appellant received a hearing when the district court made

its decision based on a petition for relief and an administrative record, without in-person argument). A matter is "heard" when the district court makes a ruling on an issue. *Id.* (defining a "hearing" "as every step where the judge is called upon to rule for or against any party").

{18} Moreover, as we will discuss below, in Plaintiff's responses to the motions for summary judgment and the presentment motion, Plaintiff did not provide any specific evidence whatsoever to substantiate his vague and hypothetical assertions that he has outstanding claims that Defendant USAA-CIC has failed to pay under the automobile insurance contract in effect at the time of the accident. Both motions for summary judgment and the presentment motion were fully briefed by the parties. As such, it appears that the district court was not required to hold a hearing upon Defendant USAA-CIC's presentment motion. *See State v. Bruce*, 1971-NMSC-022, ¶ 4, 82 N.M. 315, 481 P.2d 103 (stating that a court need not schedule a hearing on meritless motions). We hold that Plaintiff had adequate notice of, and opportunity to respond to, the motions for summary judgment and the presentment motion. We affirm the district court's judgment.

**MERITS OF THE ORDERS GRANTING SUMMARY JUDGMENT TO DEFENDANT USAA-CIC ON LOST EARNINGS AND WAGES AND UNPAID MEDICAL EXPENSES**

{**19**} As we stated in the first calendar notice, "summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

{**20**} Defendant USAA-CIC filed two motions for summary judgment, contending in one that Plaintiff was not entitled to claim lost earnings or wages [RP 45], and in the other that it had paid all of Plaintiff's medical expenses due under the insurance contract. [RP 90] Defendant USAA-CIC attached affidavits and documentation, including Plaintiff's tax returns, his responses to interrogatories, and excerpts of his deposition testimony. [RP 45-71, 79-81; 94-101] We hold that Defendant USAA-CIC made a prima facie showing that it was entitled to summary judgment based on undisputed material facts and applicable law. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits.").

{**21**} In response to these motions, however, Plaintiff provided no evidence, affidavits, itemizations, or documentation to support a claim for lost wages or unpaid

medical expenses. [RP 74-76, 102-03; 127-35] His responses voice his ongoing objection to Defendant USAA-CIC's characterization of his past earnings as "$0," and assert vague and hypothetical ongoing and future medical expenses, ignoring Defendant UCAA-CIC's showing that it had paid in full Plaintiff's medical expenses incurred and presented within one year of the accident as provided under the insurance contract.

**{22}** Plaintiff failed to demonstrate the existence of specific evidentiary facts that would require a trial on the merits. *See Schwartzman v. Schwartzman Packing Co.*, 1983-NMSC-010, ¶ 22, 99 N.M. 436, 659 P.2d 88 ("A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant."); *see also Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462 (stating that a party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint"). Plaintiff's memorandum does not persuade us otherwise.

**{23}** Under the circumstances of this case, therefore, we affirm the district court's decision to grant Defendant USAA-CIC's motions for summary judgment and to

dismiss all of Plaintiff's breach of contract claims against Defendant USAA-CIC with prejudice.

{24}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**