This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN THE MATTER OF THE ESTATE OF**
**ROBERT JOHANN ULLRICH AND**
**EVELYN ULLRICH, Deceased.**

**STEPHEN FLOYD ULLRICH,**

Petitioner-Appellant,

**v.**                                                            **NO. 35,108**

**ADDA MOLDT, TRUSTEE,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Stephen Floyd Ullrich
Boise, ID

Pro Se Appellant

Lynn M. Finnegan
Los Alamos, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Petitioner appeals from the district court's dismissal of his petition concerning his parents' estates. We issued a notice of proposed disposition proposing to affirm, and Petitioner has responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum, but continue to believe that affirmance is warranted in this case. Therefore, for the reasons set out below and in our notice of proposed summary disposition, we affirm.

{2}     In our notice we pointed out that evidence was presented to the district court indicating that the estates of Petitioner's parents had no assets to distribute, and that even if they did, Petitioner was not entitled to any assets as he had been disinherited in the parents' wills. We also pointed to evidence presented by Respondent, the trustee for parents' trusts, showing that Respondent had no knowledge of any property belonging to Petitioner that was being held by the parents on behalf of Petitioner. In response, Petitioner makes several arguments, none of which is supported by legal authority. For that reason alone, we would be entitled to refuse to consider those arguments. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that this court does not consider arguments not supported by citation to authority). In addition, the arguments lack merit, as we briefly discuss below.

{3}     Petitioner contends that Respondent disposed of personal property belonging to his parents' estates and that her statement that she did not know of any property

2

being held for Petitioner is a "mere assertion." [MIO 2] As to the first contention, Petitioner submitted no evidence supporting his claim, and without such evidence we cannot credit the claim on appeal. *See, e.g.*, *State v. Pacheco*, 2007-NMSC-009, ¶ 27, 141 N.M. 340, 155 P.3d 745 (declining to order a new trial on the basis of the defendant's mere assertion, without supporting evidence, that the interpreter acted improperly). As to the second, Respondent's statement about Petitioner's property was not a "mere assertion"—as we discussed in our notice, the statement was made in a verified (meaning sworn) response filed by Respondent, and is therefore the equivalent of a sworn affidavit. *See Rekart v. Safeway Stores, Inc.*, 1970-NMCA-020, ¶ 18, 81 N.M. 491, 468 P.2d 892 (stating that a verified complaint is in effect an affidavit). In turn, an affidavit may properly be the basis for a grant of summary judgment. Rule 1-056(C) NMRA. We therefore reject Petitioner's contentions.

{4}     Petitioner next raises certain questions, without providing any answers or even discussion. For example, he asks whether an executor should have been appointed for his parents' estates and whether there is a statute that allows him to be disinherited even though he was adopted. [MIO 3] It is not this Court's duty to search for authority to answer Petitioner's questions, and we decline to do so. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (pointing out that the appellate courts will not perform parties' work for them by addressing unclear arguments or arguments that are not supported by cited authority).

**{5}** Finally, Petitioner complains that the district court, and now this Court, have accepted Respondent's assertions as fact while rejecting his assertions. He adds that he believes it is extremely unlikely that his parents did not retain some items of property, such as heirlooms. The reason Petitioner's assertions have been rejected, while Respondent's have not, is simple—Petitioner's assertions are unsworn statements made in pleadings, while Respondent's were made in a submission that, as we discussed above, is equivalent to an affidavit. Unsworn statements and assertions made in a brief or other pleading are not sufficient to create an issue of fact requiring further proceedings. *V.P. Clarence Co. v. Colgate*, 1993-NMSC-022, ¶ 2, 115 N.M. 471, 853 P.2d 722; *Martin v. Bd. of Educ.*, 1968-NMSC-178, ¶ 8, 79 N.M. 636, 447 P.2d 516. On the other hand, as we discussed above, factual assertions made in an affidavit or in the equivalent of an affidavit are properly considered by the district court. For this reason, the district court did not err in finding against Petitioner and dismissing his petition.

**{6}** Based on the foregoing, we affirm the district court's decision.

**{7}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

4

_____

**TIMOTHY L. GARCIA, Judge**

_____

**M. MONICA ZAMORA, Judge**