469 P.2d 514

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Riley Iven GILLIHAN, alias Riley Coots, Defendant-Appellant.**

**No. 8980.**

Supreme Court of New Mexico.

May 18, 1970.

J. Wayne Woodbury, Hilton A. Dickson, Jr., Silver City, for defendant-appellant.

James A. Maloney, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SISK, Justice.

Defendant was convicted by a jury on each of four separate counts of murder in the first degree. On each conviction the jury verdict provided that capital punishment be imposed. The trial judge sentenced the defendant to the death penalty on each separate conviction, in accordance with § 40A–2–1(A), N.M.S.A.1953 and with the then applicable § 40A–29–2, N.M.S.A.1953. On appeal, this court issued a mandate on September 10, 1969, remanding the case for resentencing in accordance with the newly enacted provisions of §§ 40A–29–2.1, –2.2 and –2.3. N.M.S.A.1953 (Supp.1969). The court resentenced the defendant to life imprisonment on each of the four separate convictions, and provided that the second, third and fourth convictions be served concurrently with each other but consecutively to the life sentence imposed on the first conviction.

In this appeal, defendant contends that the court erred in imposing more than a single life sentence. We disagree, and hold that the consecutive life sentences imposed were permissible under the now applicable statutes, which provide:

"40A–29–2.1. Capital punishment limited.—Punishment by death for any crime is abolished except for the crime of killing a police officer or prison or jail guard while in the performance of his duties and except if the jury recommends the death penalty when the defendant commits a second capital felony after time for due deliberation following commission of a capital felony.

"40A–29–2.2. Maximum punishment.—All crimes for which capital punishment is abolished by section 1 [40A–29–2.1] are punishable by a penalty of life imprisonment in the state penitentiary.

"40A–29–2.3. Persons previously sentenced to death.—Any person currently under penalty of death shall have such penalty revoked, and a penalty of life imprisonment substituted."

Defendant would construe the use of the words "a penalty" in § 40A–29–2.3, supra, to require that only one life sentence be imposed regardless of the number of separate capital crimes committed or the number of separate sentences which had previously been imposed. Such construction ignores the use of other statutory language which is also phrased in the singular. The statute clearly provides that "a penalty" of

life imprisonment shall be substituted for "such penalty" of death, and does not preclude the substitution of a life sentence for each such penalty previously imposed.

In Ex parte De Vore, 18 N.M. 246, 136 P. 47 (1913), this court held:

> "Penal statutes are of course to be strictly construed, but they are not to be subjected to any strained or unnatural construction in order to work exemptions from their penalties.
>
> * * * * * *
>
> "But the rule does not exclude the application of common sense to the terms made use of in an act, in order to avoid an absurdity which the Legislature ought not to be presumed to have intended."

See, also, Territory v. Davenport, 17 N.M. 214, 124 P. 795 (1912); State v. Garcia, 78 N.M. 777, 438 P.2d 521 (Ct.App.1968); State v. Ortiz, 78 N.M. 507, 433 P.2d 92 (Ct.App.1967).

We find no language in the statute from which it can be implied that the legislature intended the effect of the statute to result in reducing four separate crimes to one crime or to prohibit the sentencing judge from substituting a separate penalty of life imprisonment for each separate penalty which was revoked by the statute. Nor does the statute prohibit the trial court from exercising his judgment and discretion as to whether such substituted sentences should be served consecutively or concurrently.

Defendant committed separate and distinct murders in the first degree which, unless prohibited by the legislature, justify separate, distinct and cumulative punishment. We cannot construe the statute which substitutes life imprisonment for death as prohibiting such punishment. We conclude that § 40A–29–2.3, supra, is not ambiguous.

Neither State v. Pace, 80 N.M. 364, 456 P.2d 197 (1969), nor State v. Peters, 69 N.M. 302, 366 P.2d 148 (1961), cited by defendant, are relevant to the determination of this appeal. In State v. Peters,

supra, a sentence was imposed to run concurrently with another sentence despite express statutory provision that such particular sentence could not run concurrently with any other sentence. In State v. Pace, supra, the defendant was convicted of one murder and the death sentence imposed, and this court merely remanded the cause for resentencing in accordance with the newly effective statute.

The amended judgment and sentence are affirmed.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.