500 P.2d 435

**STATE of New Mexico, Appellee,**

v.

**Jessie CLARK, Appellant.**

**No. 896.**

Court of Appeals of New Mexico.

Aug. 4, 1972.

ings. (4) Bias as displayed by the trial court denied appellant a fair trial.

 Points 2, 3 and 4 were raised and decided against defendant in his direct appeal and will not be reviewed in this proceeding. That is to say, a Rule 93 motion may not be used to reconsider matters previously considered on appeal. Herring v. State, 81 N.M. 21, 462 P.2d 468 (Ct.App. 1969); Nance v. State, 80 N.M. 123, 452 P.2d 192 (Ct.App.1969).

Point 1 was not raised in the original appeal and therefore will not be considered now. Ordinarily these proceedings cannot be used as a substitute for an appeal. State v. Williams, 80 N.M. 63, 451 P.2d 556 (1969).

The order denying post-conviction relief is affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.

Jennie Deden Behles, Daniel J. Behles, Behles & Behles, Carlsbad, for appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HERNANDEZ, Judge.

This is an appeal from a denial of relief sought under Rule 93 (§ 21–1–1(93), N.M. S.A.1953, Repl.Vol. 4). Appellant was convicted of forgery in the District Court, Eddy County and his conviction affirmed by this court. State v. Clark, 83 N.M. 484, 493 P.2d 969 (Ct.App.1972), cert. denied, 83 N.M. 473, 493 P.2d 958 (1972).

Defendant relies upon the following points for reversal: (1) There was no substantial evidence upon which the verdict of the jury could be based. (2) The court erred in denying appellant's petition for writ of habeas corpus filed on April 15, 1971. (3) The court erred in denying appellant's request for transcript of proceed-