514 P.2d 33

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Riley Iven GILLIHAN, Defendant-Appellant.**

**No. 9656.**

Supreme Court of New Mexico.

Sept. 14, 1973.

**515**

Langford Keith, Silver City, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

MARTINEZ, Justice.

The defendant was found guilty of four counts of murder on September 27, 1968 and on September 30, 1968 was sentenced to death by lethal gas. Pursuant to §§ 40A–29–2.1 through 2.3 N.M.S.A. 1953 Comp. (2d Repl. Vol. 6, 1972) the New Mexico Supreme Court issued a Mandate to the District Court of Grant County on September 30, 1969 for resentencing. The defendant was then sentenced to life imprisonment on four counts. On May 18, 1970 the New Mexico Supreme Court affirmed his four convictions on appeal filed October 10, 1968. State v. Gillihan, 81 N. M. 535, 469 P.2d 514 (1970).

The defendant filed a motion to vacate sentence on July 16, 1971 in accordance with Rule 93, § 21–1–1(93) N.M.S.A.1953 Comp. (Repl.Vol. 4, 1970). The District Court of Grant County denied the motion on March 15, 1972 without a hearing or the appointment of counsel and this appeal followed.

The defendant alleges that his motion to vacate judgment and sentence pursuant to Rule 93 presents matter which, if proved, would require the setting aside of his conviction. Therefore, he argues that he was entitled to a hearing with the assistance of appointed counsel. The defendant alleges that his sentence violates the Constitution of the United States and the Constitution and laws of New Mexico on the following grounds:

1. His court appointed lawyer was ineffective and incompetent.

2. At the time of his arrest, he was denied the assistance of counsel and his confession was obtained through coercion and threats.

3. The trial court erred in admitting his confession into evidence.

This Court has held repeatedly that where the trial record shows conclusively that an appellant is not entitled to relief under Rule 93, the court may deny the motion without a hearing or appointment of counsel. State v. Sanders, 82 N.M. 61, 475 P.2d 327 (1970).

The defendant's first ground is that his court appointed lawyer was ineffective and incompetent. The trial record shows that his lawyer was both effective and competent. At trial, his attorney objected to the use of defendant's confession. Moreover, his failure to object to testimony of the State's witnesses, as alleged by the defendant, constitutes a general claim and is not substantiated by specific facts which would serve as a basis for post-conviction relief. State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968). Finally counsel's decision not to allow defendant to testify, to call witnesses, or to seek a change of venue are trial tactics and not the basis for relief. State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967). An appellant is denied effective assistance of counsel only where the trial is considered a mockery of justice, a sham, or a

farce. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Wilson, 82 N.M. 142, 477 P.2d 318 (Ct.App.1970).

■ The defendant's second ground for relief is that his confession was obtained by coercion and threats, and that he was denied the aid of counsel at the time of his arrest. The trial record shows the arresting officer instructed the defendant that he had a right to remain silent, a right to talk to a lawyer, a right to appointed counsel, and that anything he said could be used against him. The defendant waived these rights and made a confession. When a defendant expressly waives his right to counsel, he is not entitled to claim that he was denied the right. State v. King, 82 N.M. 200, 477 P.2d 1015 (Ct.App.1970); State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct. App.1968). The testimony of the witnesses present depicts a friendly atmosphere, free from coercion and pressure. Moreover, the trial record demonstrates that no force or coercion was used, that the defendant confessed freely and of his own volition, and that he, himself, declared that the confession he was about to make was free from coercion.

A nurse at the scene of the crime testified that Gillihan was not beaten or threatened by the arresting officer. In fact, she testified that the defendant was given hot chocolate and a blanket in an effort to calm and warm him after his arrest. She also testified that he confessed openly to her and the arresting officer prior to his confession at the District Attorney's Office. The testimony of the reporter, who took defendant's statement at the District Attorney's Office, indicates that at no time during his statement was he threatened by anyone, or that physical force was applied. Her testimony further indicates that Gillihan's confession was freely given and only after he was informed of his constitutional rights.

■ A motion for post-conviction relief based solely upon conclusions with no supporting factual base does not state a basis for relief. See State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct.App.1970); State v. Dominguez, 80 N.M. 328, 455 P.2d 194 (Ct.App.1969). There must be adequate allegations to support any conclusory statement; it is insufficient to allege that threats and coercion occurred and nothing more. Therefore, because the defendant has failed to adequately allege facts which would support a finding of coercion and threats, his second ground for relief must fail. See State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967); Nieto v. State, 79 N.M. 330, 443 P.2d 500 (Ct.App.1968).

■ The defendant's third ground for relief is that the trial court committed a fundamental error in admitting his confession into evidence. Fundamental error has been defined by this Court as follows: "Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense * * *" State v. Garcia, 46 N.M. 302, 309, 128 P.2d 459, 462 (1942). This Court further stated that no court " * * * could or ought to permit [the defendant] to waive * * * *" this right and in determining whether fundamental error exists, each case must stand on its own. State v. Garcia, supra. As stated above, at the time of defendant's confession, he had been advised of his rights to counsel. At trial, the defendant's defense was insanity. The trial court heard testimony on this matter and decided that the defendant was acting in a rational manner and that his confession was voluntary and therefore admitted the confession. The defendant has raised merely a conclusory allegation of fundamental error, in that the trial court admitted his confession into evidence. However, he has failed to allege a specific factual basis sufficient to raise the issue of fundamental error. Therefore, because of defendant's failure to allege sufficient facts, such relief as prayed for pursuant to Rule 93, supra, may not be granted. State v. Kenney, 81 N.M. 368, 467 P.2d 34 (Ct. App.1970); State v. Barefield, 80 N.M. 265, 454 P.2d 279 (Ct.App.1969).

Therefore, because none of the grounds asserted by the defendant in support of his motion under Rule 93 serve as a basis for relief, the decision of the District Court of Grant County denying defendant's motion without a hearing is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.