524 P.2d 1335

STATE of New Mexico, Plaintiff-Appellee,

v.

Riley I. GILLIHAN, Defendant-Appellant.

No. 9918.

Supreme Court of New Mexico.

July 26, 1974.

Chester H. Walter, Chief Public Defender, Bruce L. Herr, App. Defender, Pedro G. Rael, Sp. Asst. Public Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Ralph Muxlow, II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

STEPHENSON, Justice.

In September, 1968, Gillihan was convicted by a jury on four separate counts of murder in the first degree. Each conviction specified that the death penalty be imposed. On appeal, this court issued a mandate on September 10, 1969, remanding for resentencing as provided in newly enacted statutes limiting capital punishment. Ch. 128, Laws 1969.

The trial court resentenced Gillihan to life imprisonment on each of the four separate convictions, and provided that the second, third and fourth convictions be served concurrently with each other but consecutively to the life sentence imposed upon the first.

Gillihan appealed, raising only the issue of the consecutive sentences. We affirmed. State v. Gillihan, 81 N.M. 535, 469 P.2d 514 (1970).

Gillihan next sought post conviction relief pursuant to Rule 93 [§ 21–1–1 (93), N.M.S.A. 1953 (Repl. Vol. 4, 1970)]. He asserted that:

1. His court appointed attorney was ineffective and incompetent.

2. At the time of his arrest, he was denied the assistance of counsel and his confession was obtained through coercion and threats.

3. The trial court had committed fundamental error in admitting his confession into evidence.

The trial court denied the motion without a hearing or the appointment of counsel. Gillihan appealed. We affirmed. State v. Gillihan, 85 N.M. 514, 514 P.2d 33 (1973).

Gillihan then filed a second Rule 93 motion attacking his sentence on five grounds, none of which were raised either in his appeal or in the first Rule 93 proceeding. The trial court denied the motion without a hearing. The trial court found, in the words of Rule 93(b), that the court files and records in this case "conclusively show that (Gillihan) is entitled to no relief." This appeal followed.

The only ground asserted in the motion which is argued by Gillihan on this appeal is that the district attorney made certain inflammatory remarks in his closing argument which effectively deprived appellant of a fair trial. It seems that the district attorney twice characterized Gillihan as a "mad dog". No objection was made to these remarks.

■ Gillihan is confronted at the outset with two basic propositions. The first is that Rule 93 proceedings cannot be utilized as a substitute for an appeal, or as a means for correcting errors which occurred during trial. State v. Garcia, 80 N.M. 21, 450 P.2d 621 (1969); State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967). This is true even though the claimed errors relate to constitutional grounds. State v. Garcia, supra. This principle applies with even greater force where a prisoner attempts to assert in post conviction proceedings issues which he failed to raise on direct appeal. See Apodaca v. State, 84 N.M. 172, 500 P.2d 742 (Ct.App.1972); State v. Clark, 84 N.M. 150, 500 P.2d 435 (Ct.App.1972); State v. Lee, 83 N.M. 655, 495 P.2d 1102 (Ct.App. 1972); Andrada v. State, 83 N.M. 393, 492 P.2d 1010 (Ct.App.1971). Such contentions are deemed waived when not raised on appeal.

Here the prosecutor's comments were not advanced as error on the direct appeal. Nothing prevented such an assertion.

■ In fact, the only ground argued on this appeal was advanced neither in the prior Rule 93 proceedings nor in the appeal relating thereto. Rule 93(d) provides:

"(d) Successive motions. The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

As a logical extension of our cases holding that relief predicated upon Rule 93 cannot be obtained upon grounds which could have been, but were not, raised on direct appeal, and upon Rule 93(d), we now hold that we will not consider grounds asserted in a second or successive Rule 93 proceeding which could have been, but were not, asserted in a prior Rule 93 proceeding. Such grounds omitted in the prior proceedings are deemed waived.

■ Naturally, this holding will not apply to grounds constituting fundamental error or to situations in which the prisoner's mental capacities preclude an intelligent waiver. Compare State v. Barefield, 80 N.M. 265, 454 P.2d 279 (1969).

■ The second basic proposition confronting Gillihan arises from his failure to object to the statements of the prosecutor at the time they were made, before the jury retired or, in fact, at any time prior to the filing of this motion. In State v. Victorian, 84 N.M. 491, 505 P.2d 436 (1973) the defendant failed to object to allegedly improper argument by the prosecu-

tor until after the verdict was returned. We said:

"Even were we to concede the argument in some particulars exceeded the bounds of propriety, defendant is in no position to complain. No objections were made to any of the arguments about which he now complains on appeal. If he felt the remarks by the prosecutor exceeded the bounds or propriety, the burden was on him to make objection at the time the remarks were made, * * * ."

See also State v. Vallejos, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974) and cases cited· therein.

The foregoing relegates Gillihan to asserting fundamental error. The elements of fundamental error were laid down in one of our prior opinions regarding his problems. In State v. Gillihan, 85 N.M. 514, 514 P.2d 33 (1973) we said:

"Fundamental error has been defined by this Court as follows: 'Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense * * *' State v. Garcia, 46 N.M. 302, 309, 128 P.2d 459, 462 (1942). This court further stated that no court '* * * could or ought to permit [the defendant] to waive * * *' this right and in determining whether fundamental error exists, each case must stand on its own."

See also State v. Romero, 86 N.M. 244, 522 P.2d 579 (1974); State v. Sena, 54 N.M. 213, 219 P.2d 287 (1950).

■ In State v. Polsky, 82 N.M. 393, 482 P.2d 257 (Ct.App.1971), cert. denied, 404 U.S. 1015, 92 S.Ct. 688, 30 L.Ed.2d 662 (1972), it was said that a prosecutor is giv-en reasonable latitude in his closing arguments and that the trial court has wide discretion in controlling their scope. This principle is not disputed.

Gillihan relies principally on State v. Vallejos, supra. In that case the Court of Appeals, based in part upon improper argument by the prosecutor, found fundamental error and reversed. There the district attorney had engaged in a continuous course of reprehensible conduct the recounting of which would unduly lengthen this opinion. Two specific actions involved closing argument. It is clear that the Court of Appeals reversed because of the cumulative effect of these and other actions. It was said:

"* * * We consider the cumulative impact of the three items of misconduct. An accumulation of irregularities, each of which, in itself, might be deemed harmless may, in the aggregate, show the absence of a fair trial."

Gauged by these rules, did characterizing Gillihan as a "mad dog" in closing argument, standing alone, constitute fundamental error? We think not. In reaching this conclusion, a measure of discretion and judgment is necessarily involved, but it does not seem to us that the remark was such error as went to the basis of Gillihan's rights or to the foundation of the case or took from him a right which was essential to his defense. We doubt that the comment so aroused the passions of the jury as to preclude a fair and impartial verdict.

The order from which this appeal is prosecuted is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.