540 P.2d 848

**Elias CISNEROS, Petitioner-Appellant,**

**v.**

**STATE of New Mexico, Respondent-Appellee.**

**No. 2057.**

Court of Appeals of New Mexico.

Aug. 20, 1975.

Rehearing Denied Sept. 3, 1975.

Certiorari Denied Oct. 3, 1975.

Theodore E. Lauer, Lauer & Lauer, Santa Fe, for petitioner-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

WOOD, Chief Judge.

*State v. Gillihan,* 86 N.M. 439, 524 P.2d 1335 (1974) holds that grounds for relief

asserted in second or successive post-conviction proceedings will not be considered if those grounds could have been asserted in prior proceedings. The facts in this case demonstrate the wisdom of that decision.

Petitioner was convicted of two counts of incest in 1961. He has sought post-conviction relief by at least two habeas corpus proceedings and five post-conviction motions. He appealed the denial of one of the post-conviction motions. *State v. Cisneros*, 77 N.M. 361, 423 P.2d 45 (1967). This appeal is from the denial of the fifth post-conviction motion.

The holding in *State v. Gillihan*, supra, does not apply to grounds constituting fundamental error. Attempting to avoid the holding in *Gillihan*, petitioner asserts the claims asserted in his fifth motion amount to fundamental error. *Gillihan* defines fundamental error as error which goes to the foundation or basis of a defendant's rights, or error which goes to the foundation of the case, or error which takes from defendant a right which was essential to his defense.

Petitioner's fifth motion alleges three grounds for relief. The first is a vague claim, unsupported by any facts, that his sentence amounts to cruel and unusual punishment. The first claim does not state a basis for relief. *State v. Kenney*, 81 N.M. 368, 467 P.2d 34 (Ct.App.1970).

The second claim is that his conviction "was based on erroneous, inherently improbable and preposterous evidence in that he was accused of having sexual relations with individuals [his daughters] who were physically absent and had never been to the State of New Mexico prior to and including the dates of the alleged offense." This second claim is an attack upon the evidence at petitioner's trial in 1961 and is clearly a claim that could have been raised in a direct appeal. The second claim does not state a basis for relief. *Herring v. State*, 81 N.M. 21, 462 P.2d 468 (Ct.App. 1969).

The third claim is: "This gross hiatus in facts was known to his court-appointed attorney but was never presented at the trial nor raised in his appeal. Consequently he was denied the effective assistance of counsel . . . ." This claim of ineffective assistance of counsel is based on the "facts" asserted in the second claim. Those "facts", as previously stated, attack the sufficiency of the evidence to sustain convictions based on petitioner's sexual intercourse with his daughters in Bernalillo County in June of 1961. This factual predicate for the third claim, and the assertion that the "facts" were never raised to the trial court, were matters which could have been raised on direct appeal. The third claim does not state a basis for relief.

None of the claims made are claims of fundamental error. On the basis of the record, the District Court file and the Brief-in-Chief, the State's motion for summary affirmance is granted. The order denying the fifth motion for post-conviction relief is affirmed.

It is so ordered.

We add a recommendation at this point. The claims made in the fifth motion for post-conviction relief were made under oath. The second and third claims are based on alleged "facts". These allegations should be compared with the affidavit of petitioner's trial attorney. That affidavit appears in the District Court file. Our recommendation is that the District Attorney investigate the possibility of perjury charges because of the second and third claims.

HERNANDEZ and LOPEZ, JJ., concur.