**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIMMY D. WIGGINS,

   Petitioner-Appellant,

v.

DAN MORIARTY, Warden at TCDF;
ATTORNEY GENERAL STATE OF
NEW MEXICO,

   Respondents-Appellees.

No. 97-2208
(D.C. No. CIV-96-684-BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter comes before us on Petitioner-Appellant Jimmy D. Wiggins's application for a certificate of appealability (COA). We deny COA and dismiss his appeal.

The district court entered its order dismissing appellant's 28 U.S.C. § 2254 habeas petition on May 19, 1997. Appellant deposited his notice of appeal in the prison mail system on June 17, 1997. Appellant's notice of appeal therefore was timely, see Fed. R. App. P. 4(c), and we have jurisdiction.

Appellant raises here the same four issues he raised in the district court: (1) whether his guilty plea was involuntary; (2) whether he was denied effective assistance in connection with his guilty plea; (3) whether his sentence constitutes cruel and unusual punishment; and (4) whether the sentencing judge was improperly influenced by newspaper articles critical of local judges' sentencing practices. The magistrate judge assigned to this case found that appellant had failed to exhaust his first and fourth issues. He concluded that appellant had brought a "mixed petition" containing both exhausted and unexhausted claims, which should be dismissed. See generally Rose v. Lundy, 455 U.S. 509, 522 (1982). The district court adopted the reasoning of the magistrate judge, and dismissed appellant's petition with prejudice.

"Exhaustion presents a mixed question of law and fact. The district court's ultimate conclusion that a claim is exhausted is subject to *de novo* review." Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990).

Appellant entered a guilty plea to the crime of armed robbery, and received the maximum statutory sentence of nine years followed by two years parole. In his first issue, he claims that his plea was involuntary because his attorney led him to believe he would be sentenced to time served plus probation.

Appellant did not raise this claim in either his direct state appeal or in his state habeas corpus petition. The state argues that appellant has procedurally defaulted the claim, see Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992), because the New Mexico courts would refuse to consider it on a second habeas petition, see Jackson v. Shanks, ___ F.3d ___, No. 97-2063, 1998 WL 220089, at *3 (10th Cir. May 5, 1998). The district court determined that the claim was not yet exhausted, because appellant could still raise it in a second habeas petition by asserting fundamental error. See State v. Gillihan, 524 P.2d 1335, 1336 (N.M. 1974).

We agree with the state that appellant procedurally defaulted this claim by failing to present it in either his direct appeal or his state habeas petition. Claims of fundamental error are considered only to avoid a miscarriage of justice or a result which shocks the judicial conscience. See State v. Lucero, 863 P.2d 1071,

1074 (N.M. 1993) (discussing fundamental error test). The New Mexico Court of Appeals already has determined, in connection with appellant's ineffective assistance of counsel claim, that appellant (1) had a prior history of criminal activity; (2) was informed by the trial court and understood that a range of sentences were possible, including the maximum sentence; and (3) was sentenced in accordance with the New Mexico statutes. Given these findings, which were undisturbed on state certiorari review, we conclude the New Mexico courts would not consider appellant's new issue on the basis of fundamental error.

The magistrate judge opined that appellant's second and third issues were procedurally barred. As to the second issue, we disagree. Appellant raised his ineffective assistance of counsel argument on direct appeal. After it was rejected by the New Mexico Court of Appeals, he timely filed a petition for writ of certiorari to the New Mexico Supreme Court. A habeas petitioner who has pursued an issue on direct appeal to a state's highest court need not present it again on state collateral review. See Castille v. Peoples, 489 U.S. 346, 350 (1989). This issue, then, is exhausted and is not procedurally barred. We will consider it on the merits.

"Whether a defendant received effective assistance of counsel is a mixed question of law and fact that we review de novo." United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997). To prevail on such a claim, appellant must show

that his counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced his defense. See id.

Appellant has failed to show that his counsel's performance in connection with his guilty plea fell below an objective standard of reasonableness. Appellant has failed to rebut the state district court's findings as to this claim, which are presumed correct. See 28 U.S.C. § 2254(e)(1). The state district court found that appellant was informed of the range of possible sentences at his plea hearing, that he acknowledged that he understood these possibilities, and that he told the court that his plea was voluntary and not the result of force, threats, or promises. In his motion to withdraw his plea, appellant conceded that his counsel had made known to him the maximum penalties attached to the offense to which he was entering his guilty plea. Finally, while appellant has presented correspondence from his counsel indicating that counsel believed it was likely that he would receive time served plus probation, he has failed to show that counsel affirmatively misled him about the maximum sentence, or made any promises about the sentence he would receive. See Thomas v. Kerby, 44 F.3d 884, 886 (10th Cir. 1995) (holding that counsel's estimate of sentence substantially less than that imposed, absent misrepresentation or affirmative promise by counsel, does not invalidate plea).

Appellant's third issue is procedurally barred. He presented it in his state habeas corpus petition. After the petition was denied, he raised the issue in his certiorari petition to the New Mexico Supreme Court. That court, however, rejected his petition as untimely. Thus, there exists an adequate and independent state ground for denying relief as to this issue. See Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993).

Finally, the district court determined that appellant had failed to exhaust his fourth issue, which concerns the improper influence of newspaper articles on the sentencing process. Appellant raised the issue on direct appeal, but abandoned it on certiorari, and did not renew it in his subsequent habeas petition. The time to seek review through certiorari has now expired. See N.M. R. App. P. 12-502(B). Moreover, this is not a claim which the New Mexico courts would consider on a successive habeas petition. See Jackson, 1998 WL 220089, at *3; Gillihan, 524 P.2d at 1336. This issue is procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

Appellant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, we DENY his

application for a certificate of appealability, and DISMISS this appeal.  The

mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge