**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES LEE HARRIS,

     Petitioner - Appellant,

vs.

JOE R. WILLIAMS, Warden, Lea
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

     Respondents - Appellees.

No. 00-2183
(D.C. No. CIV-99-443-LH)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

     Petitioner-Appellant James Lee Harris, an inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

order denying relief on his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. Because Mr. Harris has failed to make "a substantial showing of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In 1996, in New Mexico state court, a jury convicted Mr. Harris of second-degree murder, breaking and entering, and tampering with evidence. The court found Mr. Harris to be a habitual offender and sentenced him to a total of thirty-one years followed by two years on parole. His conviction was affirmed on direct appeal by the New Mexico Court of Appeals. State v. Harris, No. 18,126 (N.M. Ct. App. Apr. 25, 1997) (unpublished). After unsuccessfully raising various claims in state post-conviction proceedings, Mr. Harris filed the instant federal habeas petition. The district court denied the petition on the merits, Docs. 19 & 20, and denied a COA. Doc. 22.

On appeal, Mr. Harris raises three issues, all arising from his decision to testify at his trial: (1) whether his decision to testify violated his right against self-incrimination, Aplt. Br. at 3-3b; (2) ineffective assistance of counsel based on defense counsel's advice that Mr. Harris testify, id.; and (3) whether his right to a fair and impartial trial was violated when the trial court allowed him to take the stand to give "self-incriminating evidence against himself before the jury . . . ." Id. at 3b-3c.

Mr. Harris has procedurally defaulted these unexhausted claims by failing to raise them in his first post-conviction proceeding in New Mexico state court.

Mr. Harris himself admits that he did not exhaust his first two claims, self-incrimination and ineffective assistance of counsel based on that self-incrimination, in state court. Doc. 1 at 10a. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also 28 U.S.C. § 2254(b)(1).

Mr. Harris requested "leave to exhaust state remedies" from the district court. Aplt. Br. at 2a. The district court denied this request. See Doc. 17 at 4, Doc. 19 at 1-2. New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding. State v. Gillihan, 524 P.2d 1335, 1336 (N.M. 1974) ("[G]rounds omitted in the prior proceedings are deemed waived."). There is a narrow exception to this New Mexico waiver rule when the petitioner asserts "fundamental error" in his trial. Id. Here, however, Mr. Harris has not alleged and we have not observed any fundamental error that would allow him to claim the benefits of this exception.

Accordingly, Mr. Harris' claims are deemed procedurally defaulted, requiring him to show cause for the default and actual prejudice, or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 750 (1991). He has not shown cause and prejudice or a fundamental miscarriage of

justice.  We also note that Mr. Harris's third claim, the deprivation of a fair and impartial trial due to his decision to take the stand, was not raised either before the state court or the federal district court.  See Doc. 1 at 6, 9 (alleging denial of fair and impartial trial based on judge's refusal to recuse himself and court's failure to give proper voluntary manslaughter instruction to jury).  Because Mr. Harris did not raise this claim before the district court and because we find no plain error, he has waived it on appeal.  United States v. Chavez-Marquez, 66 F.3d 259, 261 (10th Cir. 1995).  However, even if Mr. Harris had raised this claim before the district court, the claim would still be procedurally defaulted as he failed to raise it in his state post-conviction proceedings.  Gillihan, 524 P.2d at 1336.

Mr. Harris' "Motion to Decide Case Upon Briefs" is GRANTED.  We DENY Mr. Harris' request for a COA and DISMISS this appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge