IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

   Plaintiff-Appellee,

v.               No. 28,994

FRANK J. DOMBOS,

   Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
James Waylon Counts, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Frank J. Dombos
Santa Rosa, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals the denial of his post-conviction motion requesting DNA tests be performed on the "massive suppressed" evidence. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition and a supplemental memorandum in opposition from Defendant. We have considered

Defendant's arguments, but we are not persuaded by them. We therefore affirm the district court denial of Defendant's post-conviction motion.

Defendant was convicted in 2005 of false imprisonment, criminal sexual penetration (CSP), attempted CSP, kidnaping, battery on a household member, and interference with communications. [RP 523] The charges involved a woman he had met approximately three months earlier. This Court affirmed Defendant's convictions by memorandum opinion filed on April 10, 2008. [RP 796] On July 10, 2008, Defendant filed a motion in the district court to reopen the case in order to present a post-conviction motion requesting that DNA tests be conducted on the "massive suppressed" evidence from the incident. [RP 827] In the State's response to the motion, it noted Defendant told the grand jury that he had consensual sex with the victim on the day in question; a continuance of the trial was denied at the request of both parties; the State requested a continuance of trial after discovering a rape kit that had not been sent to the crime laboratory, but Defendant opposed a continuance; and the State then withdrew the motion for continuance. [RP 883-89; 923-52–partial transcript of Grand Jury proceedings; 953-58–partial transcript of hearing on State's motion for continuance] The State argued that Defendant was cross-examined about the incident and Defendant claimed that "any and all sexual acts that he performed on the victim were consensual in nature." [RP 887; 904-05] The State contended that,

because there was never an issue as to whether Defendant performed the acts, DNA testing would not be helpful to Defendant's case. [RP 887-88] The district court agreed with the State's arguments and denied Defendant's post-conviction motion on August 26, 2008. [RP 959]

In our calendar notice, we pointed out that many of Defendant's arguments relate to the trial proceedings. We stated that post-conviction proceedings cannot be used to substitute for an appeal, and cannot be used to correct alleged error that occurred during trial. *See State v. Gillihan*, 86 N.M. 439, 440, 524 P.2d 1335, 1336 (1974); *State v. Williams*, 78 N.M. 431, 433, 432 P.2d 396, 398 (1967). In his supplemental memorandum in opposition, Defendant claims that all of his issues were not included in the brief filed with this Court in connection with his direct appeal. [Supp. MIO 1-4] However, as indicated in the memorandum opinion filed by this Court, the issues that were already addressed on direct appeal included, whether the false imprisonment and kidnaping convictions violate double jeopardy principles, whether the two CSP convictions should be reduced to one, whether a psychiatric examination should have been ordered for the victim, whether admission of the videotape amounted to error, whether the district court erred in allowing the indictment to be amended, whether the State engaged in prosecutorial misconduct, whether Defendant received ineffective assistance of counsel, and whether the errors

at trial amounted to cumulative error. [RP 796-824–proposed memorandum opinion] We will not address the arguments pertaining to Defendant's claims of errors at trial.

In our notice, we discussed Defendant's request that evidence "that can be subjected to" DNA testing be produced by the State and tested. Although Defendant claimed that the tests would prove his innocence, the district court found that identity was not at issue, DNA tests would not resolve the issue of consent by the victim, and therefore, DNA would not have helped Defendant. [RP 959-60] The district court also found that Defendant, against the advice of his attorney, opposed a continuance in order to test an untested rape kit that the State discovered just before trial, and therefore, Defendant waived any objection to the rape kit not being tested. [Id.]

In response, Defendant claims that he always maintained that he and the victim had "no sex" on the night of February 20, and this was not a case where consent was the only issue to be decided. [MIO 8, 16] Contrary to Defendant's claims, documents in the record proper show that Defendant admitted having sex with the victim, including anal sex, on February 20, the last date charged in the Grand Jury indictment. [RP 918; 921–interview on February 21; 931–Grand Jury transcript; RP 2] In fact, Defendant stated that he and the victim had sexual interactions two or three times a day, and those interactions included anal sex. [RP 904]

4

Defendant also claims that he did not make a strategic decision when he opposed the continuance sought by the State. [MIO 21] Defendant claims that his "entire decision making process" was being subverted by the prosecution. [Id.] Contrary to these claims, the transcript of the motion for continuance shows that the district court told Defendant that it would be in his interest to have all of the evidence, including the rape test kit that had not been tested, and that he wanted to make sure that all evidence was available for use in Defendant's defense. [RP 957] Defendant responded that he wanted to "go to trial as soon as possible," and that he did not want to wait. [RP 957]

The record proper confirms that there was no issue as to identity, only as to consent by the victim. Moreover, Defendant was given the opportunity to continue trial in order to gather DNA evidence from the rape kit. *Cf. State v. Villa*, 2004-NMSC-031, ¶ 18, 136 N.M. 367, 98 P.3d 1017 (holding that the State, having chosen not to amend the indictment and not to submit certain jury instructions, cannot complain on appeal about the consequences of its decisions).

For the reasons discussed above and in our calendar notice, we affirm the district court's denial of Defendant's post-conviction motion.

**IT IS SO ORDERED.**

5

_____

               **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**LINDA M. VANZI, Judge**

6